967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip TSIPAI, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth F. NELSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
David NELSON, Defendant-Appellant.
 Nos. 91-10234, 91-10235 and 91-10236.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1992.
Decided June 25, 1992.
 
 Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In these companion appeals, Phillip Tsipai, David Nelson and Kenneth Nelson appeal their convictions and sentences. Each co-defendant was convicted by a jury for aggravated sexual abuse in violation of 18 U.S.C. §§ 1153, 2 and 2241(a)(1). In addition, each co-defendant was convicted by the jury for sexual abuse of a minor in violation of 18 U.S.C. §§ 1153, 2 and 2243(a)(1).
 
 
 3
 The crimes with which appellants were charged occurred between 2:00 a.m. and 4:00 a.m. on July 24, 1988, when the evidence showed that a fourteen year old Navajo girl was abducted by three Navajo men and then raped by at least thirteen different men at three separate locations. During the attack she was threatened with brass knuckles, scratched, held down, and dirt was thrown in her mouth and ears. She was released by her attackers shortly after dawn. Her mother took her to the hospital in Ganado, Arizona, where Dr. Kathy Carpenter evaluated her injuries and concluded that she had clearly been the victim of multiple rapes.
 
 
 4
 While at the hospital, the victim spoke with Investigator Phil Bluehouse, and told him in detail what had happened. She described eight of the rapists, giving good descriptions of clothing, shoes, height, and hair length. She told the investigator that there were approximately five other men who had raped her during the course of the night, and that she would be able to identify photographs of these men. On August 8, 1988, the victim viewed thirty color photographs at the Bureau of Indian Affairs Office and identified seven of the rapists from the photographs. The appellants in this case were among the seven assailants identified.
 
 
 5
 On January 10, 1990, six individuals were indicted for sexual offenses. Two of those indicted entered into plea agreements with the government and testified against the remaining defendants. Trial commenced on January 8, 1991. One defendant, Gilbert Nelson, was acquitted. The remaining defendants, Kenneth Nelson, David Nelson, and Phillip Tsipai, were convicted of one or more counts of aggravated sexual abuse (18 U.S.C. §§ 2, 1153, and 2241(a)(1)) and sexual abuse of a minor (18 U.S.C. §§ 2, 1153 and 2243(a)(1)).
 
 
 6
 Tsipai and Kenneth Nelson contend that the indictment was insufficient because it failed to state the offense which they aided and abetted. The redacted indictment was sufficient, however, because it recited the accompanying statute along with 18 U.S.C. § 2 in the same count. See United States v. Medina, 940 F.2d 1247, 1249 (9th Cir.1991); United States v. Michaels, 796 F.2d 1112, 1117-1118 (9th Cir.1986), cert. denied, 479 U.S. 1038 (1987). The indictment did not have to identify a principal, and it need not have identified which specific rape act each defendant personally aided and abetted. See Medina, 940 F.2d at 1249-50.
 
 
 7
 They also contend that the prosecutor violated their right to a fair trial by using his peremptory challenges to exclude Native Americans from the jury. After both sides exercised their peremptory strikes and a jury panel had been accepted, a member of the jury asked to be excused because no Native American had been selected to serve on the jury. The juror did not feel that he could impartially judge Native American defendants as a member of an all-white jury. The district court excused the juror. Tsipai and Kenneth Nelson fail to show that any excluded venireman was a member of their race, and therefore, they failed to make the preliminary showing necessary to raise an inference of discrimination. See Batson v. Kentucky, 476 U.S. 79, 96 (1986); United States v. Chavez-Vernaza, 844 F.2d 1368, 1376 (9th Cir.1987).
 
 
 8
 David Nelson, joined by Tsipai, contends that the prosecutor improperly vouched for witnesses. Tsipai also argues that the district court erred by denying his motion for mistrial based on the alleged prosecutorial misconduct. In addition, David Nelson and Tsipai argue that the prosecutor improperly charged defense counsel with evidence tampering and commented during closing arguments on the co-defendants' failure to testify at trial.
 
 
 9
 The alleged prosecutorial vouching may have gone beyond an "invited response," but the testimony of the victim and cooperating co-defendants was strong enough that any errors did not materially affect the jury's verdict. See United States v. Suttiswad, 696 F.2d 645, 652-53 (9th Cir.1982); United States v. Mouton, 617 F.2d 1379, 1384-85 (9th Cir.), cert. denied, 449 U.S. 860 (1980); cf. United States v. Smith, No. 89-10649, slip op. 4441, 4459-61 (9th Cir. April 24, 1992). Accordingly, the district court did not abuse its discretion by denying Tsipai's motion for mistrial. See United States v. Winslow, Nos. 91-30043, 91-30044, 91-30091, slip op. 5522, 5529-30, (9th Cir. May 14, 1992). The district court's curative instruction was sufficient to cure any misconduct by the prosecutor in suggesting that any defense counsel tampered with evidence. See Chavez-Vernaza, 844 F.2d at 1377; cf. Bruno v. Rushen, 721 F.2d 1193, 1195 (9th Cir.1983), cert. denied, 469 U.S. 920 (1984). Even assuming that the prosecutor was commenting on the co-defendants' right not to testify, these were single, isolated comments, which did not stress an inference of guilt from silence as a basis of conviction. See Lincoln v. Sunn, 807 F.2d 805, 809 (9th Cir.1987).
 
 
 10
 Tsipai and Kenneth Nelson also contend that the evidence was insufficient to convict them. This claim is not supported by the record. The government presented sufficient evidence through the oral testimony in its case-in-chief to prove that Kenneth Nelson and Tsipai intentionally associated themselves with the assault, and by their active participation sought to make it succeed. See United States v. Vaccaro, 816 F.2d 443, 454-55 (9th Cir.), cert. denied, 484 U.S. 914 (1987). The government also presented sufficient evidence through the oral testimony in its case-in-chief that Kenneth Nelson used force against the victim. See United States v. Lauck, 905 F.2d 15, 17 (2d Cir.1990); see also United States v. Demarrias, 876 F.2d 674, 678 (8th Cir.1989).
 
 
 11
 Tsipai and David Nelson contend that they were denied effective assistance of counsel on various grounds. We decline to address these claims related to ineffective assistance of counsel because these claims are more appropriately raised in a habeas corpus proceeding. See United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991).
 
 
 12
 Tsipai and Kenneth Nelson contend that the district court erred by: (1) sentencing them under the United States Sentencing Guidelines in violation of the ex post facto clause; and (2) incorrectly determining their offense levels. In addition, Kenneth Nelson argues that the district court erred by increasing his criminal history category for two prior state convictions pursuant to U.S.S.G. § 4A1.1.
 
 
 13
 The district court did not violate the ex post facto clause by sentencing Kenneth Nelson and Tsipai pursuant to the United States Sentencing Guidelines because the Guidelines were in effect at the time these federal offenses were committed. See 18 U.S.C. §§ 1153, 3551(a) (1987) (Sentencing Guidelines apply to offenses committed after November 1, 1987); see also United States v. Bear, 932 F.2d 1279, 1283 (9th Cir.1990) (federal law governs punishment decision where crime is described in federal statute).
 
 
 14
 The district court did not clearly err in its relevant conduct determination for Tsipai and Kenneth Nelson as they should have foreseen the criminal conduct of their co-defendants in furtherance of the assault. See United States v. Garcia, 909 F.2d 1346, 1350 (9th Cir.1990); cf. United States v. Hahn, 960 F.2d 903 (9th Cir.1992). The district court did not err by refusing to group Tsipai's counts where the Sentencing Guidelines specifically prohibited grouping these offenses. See U.S.S.G. 3D1.2(d); Chapter Two, Part A. The district court properly increased Tsipai's offense level for use of force based on the incriminating testimony of a cooperating co-defendant. See U.S.S.G. § 2A3.1(b)(1). Tsipai cannot challenge his sentence based solely on the lesser sentence of a co-defendant. See United States v. Kohl, No. 91-30119, slip op. 4877, 4884 (9th Cir. April 30, 1992).
 
 
 15
 The convictions and sentences are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3