976 F.2d 740
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel Coronado CERVANTES, Jr., Defendant-Appellant.
 No. 92-2012.
 United States Court of Appeals, Tenth Circuit.
 July 31, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant/Appellant Manuel Coronado Cervantes pled guilty to sexual contact with a minor, his ten year old daughter, while on an Indian reservation, in violation of 18 U.S.C. §§ 1153, 2245(3) and 2244(a). He was sentenced to thirty-seven months' imprisonment, followed by three years of supervised release. He appeals that sentence, alleging that the district court misapplied the United States Sentencing Commission Guidelines Manual. We affirm.
 
 
 3
 The district court adopted the factual findings and guideline applications contained in the presentence report. The court therefore concluded that the applicable guideline section for Mr. Cervantes' offense was § 2A3.4, which Mr. Cervantes does not dispute. Section 2A3.4 contains three different base offense levels: 16 (section 2A3.4(a)(1)), 12 (section 2A3.4(a)(2)), or 10 (section 2A3.4(a)(3)). The highest base offense level, 16, is applicable "if the offense was committed by the means set forth in 18 U.S.C. § 2241(a) or (b)"--i.e. if the perpetrator uses force in the commission of the crime or threatens the victim.[1]
 
 
 4
 Because the record showed that force was used, the district court concluded that the appropriate base offense level was 16, and with computations therefrom which Mr. Cervantes does not dispute, arrived at a guideline imprisonment range of thirty to thirty-seven months. It then sentenced Mr. Cervantes to thirty-seven months' imprisonment.
 
 
 5
 Mr. Cervantes challenges the use of a base offense level of 16, on the ground that there was no evidence that he used force or that he threatened the victim. Mr. Cervantes does not now, and did not at the sentencing hearing, dispute the presentence report statement that the victim had testified that Mr. Cervantes "began choking and hitting her" during the offense. While the relevant statute, 18 U.S.C. § 2244(a)(1), does not define "force" the legislative history of the statute states that "[t]he requirement of force may be satisfied by a showing of ... the use of such physical force as is sufficient to overcome, restrain or injure a person...." H.R.Rep. No. 594, 99th Cong., 2d Sess. 14 n. 54a, reprinted in 1986 U.S.Code Cong. & Admin.News 6186, 6194 n. 54a. See United States v. Lauck, 905 F.2d 15, 17 (2d Cir.1990).[2] Hitting and choking the victim is obviously sufficient to justify the conclusion that force was used. See United States v. Eagle Thunder, 893 F.2d 950, 954 (8th Cir.1990); United States v. Demarrias, 876 F.2d 674, 678 (8th Cir.1989); cf. United States v. Fire Thunder, 908 F.2d 272, 274 (8th Cir.1990). We therefore find no error in the district court's selection of a base offense level of 16, which selection we review de novo. See United States v. Maltais, 961 F.2d 1485, 1486 (10th Cir.1992).
 
 
 6
 We AFFIRM the imposition of the sentence.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 18 U.S.C. § 2241(a) applies to one who:
 "knowingly causes another person to engage in a sexual act--
 (1) by using force against that other person; or
 (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping.
 
 
 [2]
 We need not reach the question of whether the evidence shows that Mr. Cervantes also threatened his victim, because the unobjected to evidence does show that he used force. Thus, his argument that the evidence does not show a threat is irrelevant