**UNITED STATES of America, Appellee,**

v.

**James LAUCK, Defendant–Appellant.**

**No. 1090, Docket 89–1629.**

United States Court of Appeals,
Second Circuit.

Argued April 11, 1990.

Decided May 23, 1990.

---

Mark B. Gombiner, New York City (The Legal Aid Society Federal Defender Services Appeals Unit), for defendant-appellant.

Douglas T. Burns, Asst. U.S. Atty., (Andrew J. Maloney, U.S. Atty., and Susan Corkery, Asst. U.S. Atty., Brooklyn, N.Y.), for appellee.

Before LUMBARD, MAHONEY, and FRIEDMAN,* Circuit Judges.

FRIEDMAN, Circuit Judge:

This is an appeal from the appellant's conviction of abusive sexual conduct in a federal facility, in violation of 18 U.S.C. § 2244(a)(1). He was sentenced to 18 months in prison, with the recommendation that he receive hospitalization and treat-

---

* Daniel M. Friedman, of the United States Court of Appeals for the Federal Circuit, sitting by designation.

ment, followed by supervised release for three years and a $50 special assessment.

A. The facts are undisputed. Late one afternoon Ms. Spencer, a Veterans Administration employee who was the only witness, testified that she entered an aboveground covered passageway between two buildings, which was called "the tunnel," to go from one building to the other. Upon entering the tunnel she saw the appellant Lauck standing at the entrance. No one else was in the tunnel.

Lauck began walking next to her. After a brief conversation while they continued walking, Lauck said that "he liked the way I looked or that I was very attractive or something of that sort," and then "told me that he wanted to make love to me." He then put his arm around her and "held me so that I couldn't continue walking. We stopped in the corridor."

He removed his arm and they continued walking—more quickly since she "was hoping to get where I was going. I knew there were people there. And I was hoping I would encounter someone in the tunnel." They continued to talk "and he continued telling me that he wanted to make love to me, reaching for me, putting his arm on me. And I tried to convince him not to do that."

When they reached the end of the passageway, where "there is a peculiar L in the corridor," "he backed me into that corner." Then

[h]e put both of his arms around me. He held me in the corner so I couldn't get away from him, and he began to kiss me and to fondle my breasts, groping in front of my clothes, and holding my head forcibly and kissing me.

He held her "head with both hands."

She was held "up against that wall" for "[t]hree or four minutes."

She tried to break away:

I raised my two arms inside of his and pushed them outward and pushed on his shoulders.... So, eventually what hap-

pened is that he knocked off my earrings and when they fell to the floor which was tile they made a noise. And the noise startled him and he jumped. And as he jumped I broke away from him, and I ran.

B. Lauck was indicted for attempting to cause another person to engage in a sexual act by using force against that person (count I) in violation of 18 U.S.C. § 2241(a)(1) (1988), and for improper sexual contact with another person (count II) in violation of 18 U.S.C. § 2244(a)(1). After a bench trial, the district court acquitted the defendant on count I, finding that the government had not established "his intent to engage in a sexual act." *United States v. Lauck*, No. 88–00745, slip op. at 6 (E.D. N.Y. May 16, 1989). The court convicted him on count II, however, finding that "the government proved beyond a reasonable doubt that (1) Lauck knowingly and intentionally touched Ms. Spencer's body including her shoulders, back and breast, and (2) touched the parts of her body with an intent to abuse, humiliate and harass her, and with intent to arouse the sexual desire in Ms. Spencer and/or gratify Lauck's sexual desire." *Id.* at 6–7. The court found that "Lauck used force against Ms. Spencer." *Id.* at 4.

## II

On this appeal, Lauck states in his brief that he "does not contest the criminality of his actions." His only contention is that the force he used in committing the offense was insufficient to establish the felony of abusive sexual contact under 18 U.S.C. § 2244(a) and established only the misdemeanor of abusive sexual contact under 18 U.S.C. § 2244(b) (1988).

Section 2244(a) makes it a felony for one who in "the special ... territorial jurisdiction of the United States"

>knowingly engages in or causes sexual contact with or by another person, if so to do would violate—
>>(1) section 2241 of this title had the sexual contact been a sexual act....

18 U.S.C. § 2244(a)(1).

Section 2241(a) makes it criminal for one who

>knowingly causes another person to engage in a sexual act—
>>(1) by using force against that other person
>
>. . . .

18 U.S.C. § 2241(a)(1).

Thus, section 2244(a)(1) covers "sexual contact with ... another person" "by using force against that other person."

Section 2244(b) makes it a misdemeanor for one who "knowingly engages in sexual contact with another person without that other person's permission...."

The distinction between sections 2244(a)(1) and 2244(b) is that the former covers sexual contacts made "by using force" against another person, whereas the latter covers sexual contacts made without the permission of the other person.

The statute does not define "force" or specify the amount of force necessary for a violation of section 2244(a)(1). The legislative history of the statute, the Sexual Abuse Act of 1986, Pub.L. No. 99–654, 100 Stat. 3660, however, states that "[t]he requirement of force may be satisfied by a showing of ... the use of such physical force as is sufficient to overcome, restrain, or injure a person...." H.R.REP. NO. 594, 99th Cong., 2d Sess. 14 n. 54a, *reprinted in* 1986 U.S.CODE CONG. & ADMIN.NEWS 6186, 6194 n. 54a.

■ The evidence in this case is sufficient to support the district court's finding that "Lauck used force against Ms. Spencer." When Lauck first encountered her and began walking alongside her, he put his arm around her and held her so she "couldn't continue walking" and "stopped in the corridor." After he later backed her into the corner at the end of the tunnel, he held her there for three or four minutes so she "couldn't get away from him," held her head "forcibly" "with both hands," and engaged in abusive sexual contact with her. There can be no serious question that Lauck had that sexual contact "by using" "physical force" that was "sufficient to ... restrain" Ms. Spencer.

Lauck argues, however, that a much greater degree of force is necessary to establish a violation of section 2244(a)(1). According to Lauck, that section is "aimed at instances of unwanted sexual contact compelled by significantly violent actions or threats," whereas section 2244(b) "proscribes sexual contacts accomplished with lesser [degree] of force."

■ We discern nothing in either the language or the legislative history of the Act that supports the restriction Lauck seeks to impose upon the coverage of section 2244(a)(1). The statute requires only the use of "force," not of "significantly violent action or threats." The legislative history indicates that a specific intent of Congress was to reduce the necessity of demonstrating the use of excessive force, in order to provide greater protection for the victim. *See* H.R.REP. NO. 594, *supra,* at 11, *reprinted in* 1986 U.S.CODE CONG. & ADMIN.NEWS at 6191.

Contrary to Lauck's suggestion that the distinction Congress drew between the felony in section 2244(a)(1) and the misdemeanor in section 2244(b) is the degree of force used, the distinction actually is whether force is used at all. Section 2244(a)(1) requires that the sexual contact was achieved by using force against another person, while section 2244(b) requires only that the sexual contact was made without the permission of the other person. Nothing in section 2244(b) even suggests that use of force is an essential element of the offense there described.

The "force" that the statute condemns as a felony in section 2244(a)(1) is force that, by being used against the other person, results in a sexual contact. The force does not have to be a part of the sexual contact itself, but must be used only in order to make the contact. If, as in this case, the sexual contact resulted from a restraint upon the other person that was sufficient that the other person could not escape the sexual contact, that is sufficient force to violate section 2244(a)(1). Moreover, since Lauck used force to make sexual contact with his victim, it is immaterial that, as he points out, "he did not use a weapon,

threaten or harm Ms. Spencer or injure or inflict pain on her."

Lauck relies on two State cases, *State v. Schenck,* 513 So.2d 1159 (La.1987) (modified in part by statute as discussed in *State in Interest of C.W.,* 541 So.2d 419, 421 (La.App. 4th Cir.), *writ denied,* 548 So.2d 320 (La.1989)) and *Johnson v. Commonwealth,* 5 Va.App. 529, 365 S.E.2d 237 (1988), that apparently require a greater degree of force to establish a violation of State sexual battery statutes. Those statutes, however, have quite different provisions from the statute with which we deal. They are not persuasive precedents in construing the federal statute.

Equally wide of the mark are Lauck's citations to *United States v. Eagle Thunder,* 893 F.2d 950 (8th Cir.1990), and *United States v. Demarrias,* 876 F.2d 674 (8th Cir.1989), which upheld convictions under sections 2241 and 2244. There, as Lauck states, "the evidence of force was far greater than Mr. Lauck's conduct." That fact, however, does not indicate that the lesser amount of force Lauck used to accomplish his sexual contact with Ms. Spencer was insufficient to establish a violation of section 2244(a)(1).

The judgment of the district court is

*Affirmed.*