UNITED STATES of America, Appellee,

v.

Benjamin Jasper FIRE THUNDER, Appellant.

No. 89–5588.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1990.

Decided July 5, 1990.

Bernard E. Duffy, Fort Pierre, S.D., for appellant.

Mikal Hanson, Pierre, S.D., for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

HEANEY, Senior Circuit Judge.

Benjamin Jasper Fire Thunder pled guilty to two counts of illegal sexual contact in violation of 18 U.S.C. §§ 1153, 2244(a) and 2245(3). On appeal, he raises several issues with respect to the sentence imposed by the district court. We affirm.

## BACKGROUND

The probation office in its presentence investigation (PSI) described the offenses to which Fire Thunder pled guilty.

Count I (a non-guideline count)—According to the U.S. Attorney's file, the defendant, during the summer months of 1987 caused [Fire Thunder's eight year-old cousin by marriage] to touch his penis and also touched [her] underneath her panties.

Count V (a guideline count)—[Fire Thunder's] seven year-old stepdaughter advised investigators that the defendant would unzip his pants, pull down his shorts and make her touch his private part. She said he would take her hand and put it on his private part and he would make her rub it for "a long time." She advised that it was soft, then it would get hard and after a while it would get soft again. When this would happen he would tell her to stop and tell her "that feels good." She also advised that he would give sloppy kisses and sometimes watch her when she took a bath. [She] also advised that on at least two times, the defendant put his penis in her mouth. She recalls one time that something "yucky" came out of his penis but she didn't know what to do with it so she kept it in her mouth until they got to the Tastee Freeze when she spit it out.

The district court sentenced Fire Thunder to five years on the pre-Guidelines count. As to the second count, the probation office computed the offense level to be six; enhanced that level by nine because the contact involved a violation of 18 U.S.C. § 2241(a)(1); enhanced another two levels because of the victim's age; and reduced the sentence by two because Fire Thunder accepted responsibility for the offense. The guideline range was thus 24 to 30 months. The district court adopted the computation made by the probation office, but departed upwards to 41 months because it found that the victim had suffered unusual and extreme psychological injury and the offense was unusually heinous involving sexual contact between a stepfather and his stepdaughter. The court then ordered the two sentences to run consecutively.

## DISCUSSION

I. *Enhancement in U.S.S.G. § 2A3.4(b)(1)*

Fire Thunder argues that the district court erred by enhancing his sentence under section 2A3.4(b)(1), which provides:

If the abusive sexual contact was accomplished as defined in 18 U.S.C. § 2241 (including, but not limited to, the use or display of any dangerous weapon), increase by 9 levels.

18 U.S.C. § 2241 provides:

(a) **By force or threat.**—Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly causes another person to engage in a sexual act—

(1) by using force against that other person; or

(2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnaping;

or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

**(b) By other means.**—Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly—

(1) renders another person unconscious and thereby engages in a sexual act with that other person; or

(2) administers to another person by force or threat of force, or without the knowledge or permission of that person, a drug, intoxicant, or other similar substance and thereby—

(A) substantially impairs the ability of that other person to appraise or control conduct; and

(B) engages in a sexual act with that other person;

or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

**(c) With children.**—Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

**(d) State of mind proof requirement.**—In a prosecution under subsection (c) of this section, the Government need not prove that the defendant knew that the other person engaging in a sexual act had not attained the age of 12 years.

The district court held because Fire Thunder was the victim's stepfather—a fact that the district court held to presume the use of force under 18 U.S.C. § 2241(a)(1)—or because Fire Thunder threatened the victim's father, that this enhancement was in order. *United States*

*v. Fire Thunder*, No. 89–30023, Sentencing Transcript at 29–30 (D.S.D. Nov. 11, 1989).

Because the sentencing transcript indicates that the district court's reasons for enhancing Fire Thunder's sentence are in the alternative, our review is limited to a determination of whether the force used or the threat articulated justify the enhancement.[1]

■ The district court presumed that force, sufficient to comply with § 2241(a)(1), was present because the offense was committed by an adult person, who was the stepfather of the victim, who was a young child. Sentencing Transcript at 25. We disagree. Section 2241(a)(1) envisions actual force.

The requirement of force may be satisfied by a showing of the use, or threatened use, of a weapon; the use of such physical force as is sufficient to overcome, restrain, or injure a person; or the use of a threat of harm sufficient to coerce or compel submission by the victim.

Sexual Abuse Act of 1986, H.Rep. No. 594, 99th Cong., 2d Sess., 14 n. 54a, *reprinted in* 1986 U.S.Code Cong. & Admin.News 6186, 6194 n. 54a. The force requirement of section 2241(a)(1) is met when the "sexual contact resulted from a restraint upon the other person that was sufficient that the other person could not escape the sexual contact." *United States v. Lauck*, 905 F.2d 15 (2d Cir.1990). Finally, the reported cases from this Circuit have involved factual circumstances where actual force was used. *See, e.g., United States v. Eagle Thunder*, 893 F.2d 950, 954–55 (8th Cir. 1990) (evidence that defendant forcibly kidnapped the victim); *United States v. Demarrias*, 876 F.2d 674, 678 (8th Cir.1989) (victim's testimony that she was overcome by the larger and stronger defendant and that the defendant caused her pain).[2]

---

1. We review the enhancement even though the district court ultimately departed upwards because departures tend to be related to the underlying sentencing range. *See* Miller & Freed, *The Emerging Proportionality Law for Measuring Departures*, 2 Fed.Sent.Rep. 255 (April/May 1990).

2. There is some evidence in the record that the defendant locked the door behind which the sexual contact took place. *See United States v. Fire Thunder*, No. 89–30023, Plea Transcript at 21 (D.S.D. Dec. 11, 1989). This act may constitute actual force. The district court neither relied on this fact to conclude that force was

In the alternative, the district court held that the enhancement under section 2A3.4(b)(1) is in order because Fire Thunder threatened the victim's father with death if she told anyone. We agree that that application is consistent not only with the Guidelines but with the underlying statute as well. The threat falls within the plain meaning of the abusive sexual contact statute. 18 U.S.C. § 2241(a)(2) ("by threatening or placing that other person in fear that *any* person will be subjected to death, serious bodily injury, or kidnapping") (emphasis added).

Fire Thunder asserts that the evidence presented at sentencing of the alleged threat was not reliable because it was based on the hearsay testimony of the victim's social worker. The district court found the social worker's testimony to be reliable. We accept that finding. U.S.S.G. § 6A1.3(a); *see United States v. Wayne*, 903 F.2d 1188 (8th Cir.1990). Fire Thunder does not claim that his constitutional confrontation or due process rights were violated; thus, we do not reach that issue. *See United States v. Streeter*, 907 F.2d 781, 791-92 (8th Cir.1990) (confrontation); *United States v. Roberts*, 726 F.Supp. 1359 (D.D.C.1989) (due process).

## II. *Consecutive Sentences*

Fire Thunder argues, relying on the Guidelines, that the district court abused its discretion by making the sentences consecutive. Assuming that the Guidelines cover this fact situation, we disagree. *See* U.S.S.G. § 3D1.2. Fire Thunder's offenses do not involve the same victim and the same act. One of the offenses is not a lesser included charge of the other or similar thereto. Neither of the offenses is a sentencing characteristic of the other. Finally, the offense levels for these offenses are not determined largely on the basis of total harm or loss involved, like, for example, drug offenses.

## III. *Departure*

Fire Thunder argues that the district court's departure from the guideline range was unwarranted. We agree that the facts do not support a finding that Fire Thunder's conduct was "unusually heinous," within the meaning of U.S.S.G. § 5K2.8 as intended by the Sentencing Commission. Examples of unusually heinous conduct "include torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation." U.S.S.G. § 5K2.8. We, however, affirm the departure on the basis of the district court's finding that the victim had suffered extreme and unusual psychological injury as a result of Fire Thunder's conduct. *See* U.S.S.G. § 5K2.3.

Accordingly, the sentence of the district court is affirmed.

used for purposes of section 2241(a)(1) nor made a finding of fact in that regard. Without both, we cannot affirm the enhancement on that basis.