UNITED STATES of America, Appellee,

v.

**Bruce BORDEAUX, Appellant.**

No. 92–3694.

United States Court of Appeals,
Eighth Circuit.

Submitted May 11, 1993.

Decided July 1, 1993.

James C. Robbennolt, Pierre, SD, argued, for appellant.

David L. Zuercher, Asst. U.S. Atty., Pierre, SD, argued, for appellee.

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In May, 1992, Bruce Bordeaux was indicted in federal court on three counts involving the sexual abuse of a minor. A few months later, he pleaded guilty to one count of aggravated sexual abuse (the other two counts were dismissed under the plea agreement). Late in 1992, the trial court sentenced Mr. Bordeaux to 180 months in prison.

In determining the appropriate base level under the federal sentencing guidelines for Mr. Bordeaux's offense, the trial court enhanced the calculation by four levels for the use of force. *See* U.S.S.G. § 2A3.1(b)(1). Without the enhancement, the guideline range for Mr. Bordeaux's sentence was 108 to 135 months; with the enhancement, the range was 168 to 210 months. Mr. Bordeaux appeals the trial court's use of the enhancement. We affirm the trial court.[1]

Mr. Bordeaux pleaded guilty to one count of aggravated sexual abuse. That offense is defined by statute as "knowingly engag[ing] in a sexual act with another person who has not attained the age of 12 years." *See* 18 U.S.C. § 2241(c). The guidelines applicable to that offense require a four-level enhancement if the offense "was committed by the means set forth in 18 U.S.C. § 2241(a)." *See* U.S.S.G. § 2A3.1(b)(1).

In the circumstances of this case, "the means set forth in 18 U.S.C. § 2241(a)" are "by using force against [the] other person." *See* 18 U.S.C. § 2241(a)(1); *see also* U.S.S.G. § 2A3.1, application note 2. This circuit has held repeatedly that the same amount of force that will sustain a conviction under 18 U.S.C. § 2241(a) will also sustain the application of the four-level enhancement under U.S.S.G. § 2A3.1(b)(1). *See, e.g., United*

*States v. Norquay,* 987 F.2d 475, 480 (8th Cir.1993); *United States v. Amos,* 952 F.2d 992, 994 (8th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1774, 118 L.Ed.2d 432 (1992); and *United States v. Eagle Thunder,* 893 F.2d 950, 955–56 (8th Cir.1990).

▪ Mr. Bordeaux offers two arguments on appeal. First, he contends that because he pleaded guilty to a violation of 18 U.S.C. § 2241(a) rather than a violation of 18 U.S.C. § 2241(a), the guideline at issue is not applicable. We do not understand this argument, since the plain language of the guideline requires only that the offense have been committed "by the means set forth" in 18 U.S.C. § 2241(a), not that the conviction actually be for a violation of 18 U.S.C. § 2241(a).

▪ Mr. Bordeaux then notes that, in any event, application of the guideline in question requires evidence of "actual force," *see United States v. Fire Thunder,* 908 F.2d 272, 274 (8th Cir.1990). Mr. Bordeaux contends that no such evidence is present in this case. We disagree.

The psychologist's evaluation on the victim in this case (who was ten years old at the time of the evaluation) reports that the child stated that Mr. Bordeaux would tell her to go into his room, to lie down on her side on the bed, and to look at the wall. The child stated that Mr. Bordeaux would then pull down her pants and have anal intercourse with her. She stated that this had been occurring since she was about five years old. The child also stated that Mr. Bordeaux had told her that if she told her mother about those incidents, he would tell her mother about a "dirty book" that she had found. According to the evaluation, the child told the psychologist that "she never said no because she knew [Mr. Bordeaux] would punish her for saying no to him."

At the sentencing hearing, the trial court admitted the psychologist's evaluation into evidence; Mr. Bordeaux made no objection to its admission. Counsel for Mr. Bordeaux indicated at the sentencing hearing that the

[1] The Honorable Donald J. Porter, Senior United States District Judge for the District of South Dakota.

presentence report by the probation officer was accurate with respect to its description of Mr. Bordeaux as being almost six feet tall and weighing approximately 200 pounds.

Force sufficient to sustain a conviction under 18 U.S.C. § 2241(a) includes " 'the use of such physical force as is sufficient to overcome, restrain, or injure a person; or the use of a threat of harm sufficient to coerce or compel submission by the victim.' " *United States v. Fire Thunder*, 908 F.2d at 274, quoting H.R.Rep. No. 594, 99th Cong., 2d Sess. 14 n. 54a (1986), *reprinted in* 1986 *U.S.Code Cong. and Admin. News* 6186, 6194 n. 54a. "The force requirement ... is met when the 'sexual contact resulted from a restraint upon the other person that was sufficient that the other person could not escape the sexual contact.' " *Id.*, quoting *United States v. Lauck*, 905 F.2d 15, 18 (2d Cir.1990).

We hold that the victim's statements, which were admitted into evidence, without objection, through the psychologist's evaluation, are sufficient to establish force in the circumstances of this case. The apparent disparity in size between Mr. Bordeaux and the victim (200 pounds versus a child who is "not ... obese," according to the psychologist's evaluation), might be enough, in itself, to establish " 'a restraint ... that was sufficient that the [child] could not escape the sexual contact.' " *Id.* In combination with Mr. Bordeaux's repeated threats of disclosure to the child's mother of the "dirty book" found by the child, *see, e.g., United States v. Balfany*, 965 F.2d 575, 584–85 (8th Cir.1992), we have no hesitation in holding that sufficient force was manifested to sustain the four-level enhancement. Such statements made by an adult to a ten-year-old child, we believe, are more than adequate in the context of this case to establish " 'a threat of harm sufficient to coerce or compel submission' " by the child. *United States v. Fire Thunder*, 908 F.2d at 274.

We therefore affirm the trial court in its application of the four-level enhancement for the use of force.