**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5163

JOSIAH EDGAR HAYNSWORTH, a/k/a
Tex, a/k/a Brother Edgar,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-94-378-JFM)

Argued: April 5, 1996

Decided: September 11, 1997

Before ERVIN, Circuit Judge, PAYNE, United States District
Judge for the Eastern District of Virginia, sitting by designation,
and KELLAM,* Senior United States District Judge for the Eastern
District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

*Senior Judge Kellam participated in the consideration of this case,
but died prior to the time the decision was filed. The decision is filed by
a quorum of the panel pursuant to 28 U.S.C. § 46(d).

**COUNSEL**

**ARGUED:** Gary Wilmer Christopher, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Robert Reeves Harding, Assistant United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** James K. Bredar, Federal Public Defender, Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Josiah Edgar Haynsworth was convicted under 18 U.S.C. § 2423 after pleading guilty to six counts of transporting underage boys out-of-state for the purpose of prohibited sexual conduct. Haynsworth challenges the district court's determination that his offenses were accomplished by the use of "force," as that term is used in 18 U.S.C. § 2241(a), triggering a four-level enhancement in his sentence under U.S.S.G. § 2A3.4(a). He also contends that the district court failed to properly articulate the basis for its decision as required by 18 U.S.C. § 3553(c). We disagree with both challenges and affirm the district court.

The district court went to great lengths to explain why it determined that "force" was used in these instances of sexual abuse. We are convinced that the factors the district court relied upon--the situs of the offenses; the abuses of trust; the disparity in size, age, and strength of offender and victims--are probative and supportive of the finding of the use of force in these circumstances.

That conclusion is bolstered by the statutory language of § 2241(a) and its legislative history. Section 2241(a) segregates "force" in sub-

2

section (1) from "threats" of death, serious bodily injury, or kidnapping in subsection (2). That disjunction plainly evidences congressional intent to demarcate between any amount of force, no matter how slight or how utilized, and threats of significantly violent force. This statutory construction is supported by the legislative history of the Sexual Abuse Act of 1986, which created § 2241. That Act specifically sought to modernize federal rape laws, and, in particular, it intended to minimize requirements that it be shown that an offender had used force since an expectation of resistance was anathema to the public policy behind the offenses. See H.R. Rep. No. 99-594 (1986), reprinted in 1986 U.S.C.C.A.N. 6186, 6188, 6191. We therefore conclude that the factors relied upon by the district court, in conjunction with the modernizing statutory scheme and its legislative intent, support the finding of the use of "force" in this case and, accordingly, the four-level enhancement in Haynsworth's sentencing.*

We believe that Haynsworth's contention that the district court inadequately articulated the reasons for the imposition of the sentence to be meritless. Indeed, intertwined with its explication of those reasons, the district court repeatedly expressed sympathy for Haynsworth himself, essentially describing him as the "victim" of a "malady" that caused him to prey upon young boys. Although we do not necessarily share the concern evinced by the district court for Haynsworth, it is our duty to assure ourselves that the district court neither erred in its factual findings nor misinterpreted the law. We conclude that the ambiguity or lack of clarity that Haynsworth reads into the district court's statements in open court are nothing more than the lower court's expressions of concern for Haynsworth, judicial integrity, and principled decision-making.

For these reasons, the sentence imposed upon Haynsworth is

AFFIRMED.

_____

*We believe that the case law from other circuits is equivocal as to the circumstances of this case and do not rely upon it for our disposition. See, e.g., United States v. Jones, 104 F.3d 193, 197 (8th Cir.), cert. denied, 117 S. Ct. 2470 (1997); United States v. Bordeaux, 997 F.2d 419, 421 (8th Cir. 1993); United States v. Fulton, 987 F.2d 631, 633 (9th Cir. 1993); United States v. Fire Thunder, 908 F.2d 272, 274 & n.2 (8th Cir. 1990); United States v. Lauck, 905 F.2d 15, 17-18 (2d Cir. 1990).

3