**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DENNISON YAZZIE,

Defendant-Appellant.

No. 97-2201
(D.C. No. CR-96-546-LH)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BARRETT**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Dennison Benton Yazzie appeals from the sentence imposed by the district court after his plea of guilty to the charge of kidnapping, 18 U.S.C. § 1201(a)(2). Mr. Yazzie also pled guilty to a second count, the use of a firearm during a crime of violence, 18 U.S.C. § 924(c), but he does not appeal that conviction or sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. Background

On August 11, 1996, Mr. Yazzie and another man, his co-defendant, met two women at a bar in Gallup, New Mexico. The men asked the women for a ride, and the women agreed to let the men drive with them as far as their hometown of Navajo, New Mexico. One of the women gave her car keys to Mr. Yazzie so he could drive. When Mr. Yazzie stopped the car in a housing area in Navajo, Mr. Yazzie held an eight-inch knife next to the face of one woman while his co-defendant held a .22 caliber revolver to the head of the other woman. One woman struggled with Mr. Yazzie, and managed to escape by jumping from the car as Mr. Yazzie drove out of the housing area.

Mr. Yazzie and his co-defendant put a cloth bag and a blindfold over the second woman's head, taped her hands together and drove her to an abandoned house, where she was placed on a bed. Sometime during her abduction, this woman was told to take her clothes off. She was raped and then told to put her

clothes back on. Because the woman was blindfolded during the rape, she was unable to identify the man who raped her.

Both Mr. Yazzie and his co-defendant separately left the abandoned house at different times to eat. At daybreak the next day, the men drove the woman for approximately an hour, released her from the car and told her to walk away. The men removed her hood, but kept her hands tied together and threatened to kill her and her family if she reported the incident.

The victim contacted the police, and she was taken to a medical facility where medical personnel administered a rape kit. In addition to vaginal trauma, this woman suffered bruising on her arms and thighs from being held against her will during the rape. Semen was found on her underwear. Blood and other body samples were later taken from Mr. Yazzie and his co-defendant. DNA testing identified Mr. Yazzie's blood as a match to the semen on the victim's underwear.

Mr. Yazzie's pre-sentence report ("PSR") concluded that Mr. Yazzie raped the kidnapped victim, and, therefore, recommended the offense sentencing guideline for criminal sexual assault be applied. See United States Sentencing Commission, Guidelines Manual, ("U.S.S.G.") §§ 2A4.1(b)(7)(A); 2A3.1 (Nov. 1995). The PSR also recommended a four-level increase from the base offense level under U.S.S.G. § 2A3.1(b)(1) for commission of the offense by the means set forth in 18 U.S.C. § 2241, which refers to the use of force, threats,

or fear. The PSR recommended a guideline sentencing range between one hundred twenty-one and one hundred fifty-one months' imprisonment for the kidnapping count, based on a combined offense level of 32 and a criminal history category of I.

Mr. Yazzie objected to the PSR's recommendation. He denied involvement in the sexual abuse of the kidnapped victim, and argued that the relevant offense guideline should, therefore, be the kidnapping guideline in U.S.S.G. § 2A4.1. Mr. Yazzie also objected to the four-level increase based on the use of force during commission of the offense.

The district court held an evidentiary hearing and found by a preponderance of the evidence that Mr. Yazzie kidnapped, brutalized and raped the victim and had made an express threat of death to the victim. The court thus applied the "criminal sexual abuse" base offense level of 27, see U.S.S.G. § 2A3.1(a), and increased that base level by four for defendant's use of force or threats of death, serious bodily injury, during the offense, see U.S.S.G. § 2A3.1(b)(1). The district court sentenced Mr. Yazzie to one hundred fifty-one months' imprisonment on the kidnapping count, and to sixty months' imprisonment on the § 924(c) count, to be served consecutively.

## II.  Analysis

We review the district court's interpretation and application of the sentencing guidelines de novo.  United States v. Pappert, 112 F.3d 1073, 1078 (10th Cir. 1997).  We review the district court's factual findings for clear error.  See Id.; see also 18 U.S.C. § 3742(e).  "We will accept these factual findings unless the record does not support them or, after reviewing the record, we are left with the definite and firm conviction that a mistake has been made."  Pappert, 112 F.3d at 1078 (quotation omitted).  We view the evidence underlying a district court's sentence and the inferences drawn therefrom in the light most favorable to the district court's determination.  See United States v. Conley, 131 F.3d 1387, 1389 (10th Cir. 1997), cert. denied, 118 S. Ct. 1544 (1998).

## A.  Application of Sexual Assault Offense Guideline

Mr. Yazzie first contends the district court erred in applying the sexual assault offense guideline, claiming there was insufficient evidence that he raped the victim.

Section 2A4.1 of the U.S.S.G. provides a base offense level of 24 for kidnapping.  See U.S.S.G. § 2A4.1(a).  Section 2A4.1(b)(7) instructs that, if the defendant committed another offense during the kidnapping, the offense level should be determined from the "offense guideline applicable to that other offense if such offense guideline includes an adjustment for kidnapping, abduction, or

unlawful restraint," and if the resulting offense guideline provides for a greater base offense level than the kidnapping offense guideline. The "criminal sexual abuse" offense guideline includes an adjustment for kidnapping and abduction and provides a base offense level of 27. See U.S.S.G. §§ 2A3.1(a), 2A3.1(b)(5).

The sentencing court applies a preponderance of the evidence standard to its determination to cross-reference to the U.S.S.G. § 2A3.1(a) criminal sexual abuse offense guideline pursuant to U.S.S.G. § 2A4.1(b)(7). See United States v. Lewis, 115 F.3d 1531, 1537 (11th Cir. 1997), cert. denied, 118 S. Ct. 733 (1998); see also United States v. Gomez-Arrellano, 5 F.3d 464, 466 (10th Cir. 1993) (sentencing determinations of relevant conduct and offense characteristics must be supported by a preponderance of the evidence). Mr. Yazzie concedes that only he or his co-defendant could have raped the victim. He presented no evidence indicating the co-defendant committed the rape. The DNA testing that identified Mr. Yazzie's blood as a match to the semen on the victim's underwear did not match the DNA of the co-defendant. Mr. Yazzie's only evidence at the sentencing hearing was his speculation that there was a clothing mix-up and the victim was given his girlfriend's underwear to put on after she was raped. The district court, who had an opportunity to observe Mr. Yazzie's demeanor and assess his credibility, concluded Mr. Yazzie's evidence was not substantial. See United States v. Lang, 81 F.3d 955, 968 (10th Cir. 1996) (explaining that we

give due deference to the district court's factual findings based on its observation of the testimony, including the demeanor of the witnesses). We conclude there is sufficient factual support in the record for the district court's finding that Mr. Yazzie, not the co-defendant, committed the sexual assault. Because the elements of U.S.S.G. § 2A4.1(b)(7) are met in this case, the district court properly used that section to reference the criminal sexual assault guideline.

## B. Four-Level Increase Under § 2A.3.1(b)(1)

Mr. Yazzie next asserts that he should not have received a four-level increase to his base offense level under U.S.S.G. § 2A3.1(b)(1), because there is no evidence the rape was perpetrated through the use or display of a dangerous weapon or that he placed the victim in fear of death or serious bodily injury. Section 2A3.1(b)(1) provides that the offense level should be increased four levels "[i]f the offense was committed by the means set forth in 18 U.S.C. § 2241(a) or (b) (including, but not limited to, the use or display of any dangerous weapon)." "The means set forth in 18 U.S.C. § 2241(a) or (b) [include] using force against the victim; [or] threatening or placing the victim in fear that any person will be subject to death, serious bodily injury, or kidnapping." U.S.S.G. § 2A3.1, comment (n.2); 18 U.S.C. § 2241.

"A force sufficient to sustain a conviction under 18 U.S.C. § 2241(a) includes 'the use of such physical force as is sufficient to overcome, restrain

or injure a person; or the use of a threat of harm sufficient to coerce or compel submission by the victim.'" United States v. Weekley, 130 F.3d 747, 754 (6th Cir. 1997) (quoting United States v. Fire Thunder, 908 F.2d 272, 274 (8th Cir. 1990). "The force requirement is satisfied if the 'sexual contact resulted from a restraint upon the other person that was sufficient that the other person could not escape the sexual contact.'" Id. (quoting United States v. Lauck, 905 F.2d 15, 18 (2d Cir. 1990)).

Mr. Yazzie does not dispute that a knife and gun were used in the kidnapping, that the victim was blindfolded and bound during the rape, or that the victim suffered bruising from the force used against her to compel her submission to the rape. See United States v. Fulton, 987 F.2d 631, 633 (9th Cir. 1993) (the defendant's act of pushing down and holding the twelve-year-old victim in order to molest her constituted the use of force). The record supports the conclusion that the victim was sufficiently restrained such that she could not escape the sexual contact. Consequently, we find no error in the district court's sentencing enhancement.

The judgment of the United States District Court for the District of

New Mexico is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge