# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-2395

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| John D. Buckley, | * | of South Dakota. |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 19, 1999

Filed:  November 30,  1999

_____

Before  McMILLIAN,  HANSEN,  and  MORRIS  SHEPPARD  ARNOLD,  Circuit
      Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Following a jury trial,  John Buckley was convicted of one count of aggravated sexual abuse by the use of force and two counts of sexual abuse of a minor.  On appeal, he challenges only his conviction for aggravated sexual abuse, contending that the government failed to prove that he used force against the victim.  We affirm the judgment of the trial court.[1]

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

The pertinent statutory provision forbids "knowingly caus[ing] another person to engage in a sexual act ... by using force against that other person."  See 18 U.S.C. § 2241(a)(1).  The element of force may be established, inter alia, by showing that the defendant used physical force sufficient to overcome, restrain, or injure the victim.  See United States v. Allery, 139 F.3d 609, 611 (8th Cir. 1998), cert. denied, 118 S. Ct. 2389 (1998).

Mr. Buckley was the boyfriend of the victim's stepsister,  and he and the 15-year-old victim were social friends.  At trial, the victim testified that while she was resting at the home of Mr. Buckley and her stepsister, Mr. Buckley approached her on the bed.  He turned her toward him, removed her clothing, got on top of her, and had intercourse with her, causing her pain and bleeding.  She further testified that although she was crying and nodded "yes" when he asked her whether it hurt and whether she wanted him to stop, he paused only momentarily, and although she attempted to push him off her, she was unable to do so because of his size.  We note, moreover, that the doctor who examined the victim at the hospital on the day of the incident testified that she found lacerations and abrasions consistent with the victim's version of the events.  Viewing the record in the light most favorable to the verdict, as we must, we conclude that the evidence was sufficient to allow a reasonable jury to find that the element of force was proved beyond a reasonable doubt.  See United States v. Goodlow, 105 F.3d 1203, 1206 (8th Cir. 1997).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.