**UNITED STATES of America, Plaintiff,**

v.

**Cody SERDAHL, Defendant.**

**No. C4–03–061.**

United States District Court, D. North Dakota, Northwestern Division.

May 5, 2004.

Rick L. Volk, Bismarck, ND, for plaintiff.

James G. Wolff, Mohall, ND, for defendant.

## MEMORANDUM AND ORDER ON SENTENCING

HOVLAND, Chief Judge.

### I. *BACKGROUND*

On January 15, 2004, the jury returned a guilty verdict and convicted the Defendant of sexual abuse of a minor in violation of 18 U.S.C. § 2243(a). The sentencing hearing was originally scheduled on April 5, 2004. However, shortly before the hearing the Defendant filed a Sentencing Memorandum which raised a number of issues concerning the appropriate offense level to be used. The sentencing hearing was continued to afford the Court the opportunity to review the matter. On April 29, 2004, the United States submitted a Sentencing Memorandum. A sentencing hearing is presently scheduled for May 17, 2004.

## II. *LEGAL DISCUSSION*

The defendant, Cody Serdahl, was convicted of sexual abuse of a minor in violation of 18 U.S.C. § 2243(a) by a jury verdict. The United States Sentencing Commission Guidelines Manual establishes a base offense level of 18 for this offense. *See* U.S.S.G. § 2A3.2(a)(3). The commentary to Section 2A3.2 reveals that this section applies to offenses involving the criminal sexual abuse of an individual who had not attained sixteen years of age. Section 2A3.2 applies to consensual sexual acts that would be lawful but for the age of the victim, as well as cases in which a participant "took active measure(s) to unduly influence the victim to engage in prohibited sexual conduct and, thus, the voluntariness of the victim's behavior was compromised." *See* U.S.S.G. § 2A3.2 (Background). In such cases, an additional two-level enhancement is provided for in Section 2A3.2(b)(2)(B). It is undisputed the Defendant is a person falling into Criminal History Category III. As such, the presumptive sentence would fall within the range of either 33–41 months of incarceration with a total adjusted offense level of 18 calculated under Section 2A3.2(a)(3) *or* 41–51 months with a total adjusted offense level of 20, including the two-level enhancement provided for under Section 2A3.2(b)(2)(B).

The primary dispute between the parties concerns the cross reference provisions set forth in Section 2A3.2(c)(1). The cross reference provides that, "If the offense involved criminal sexual abuse or attempt to commit criminal sexual abuse (as defined in 18 U.S.C. § 2241 or § 2242), apply § 2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse)." An offense involves criminal sexual abuse in violation of 18 U.S.C. § 2241 if, among other things, an individual knowingly causes another person to engage in a sexual act "by using force against that other person." *See* 18 U.S.C. § 2241(a)(1). Section 2A3.1 of the Sentencing Guidelines establishes a base offense level of 27. The critical issue concerns whether "force" was used in this case.

The Presentence Investigation Report (PSI) calls for the application of the cross reference on the grounds the offense conduct constituted a violation of 18 U.S.C. § 2241(a)(1) insofar as "force" was used by the Defendant during the commission of the crime. *See* Presentence Investigation Report, ¶ 18. The PSI concluded the use of force occurred because the Defendant pushed the victim into a bedroom, locked the door, and then sexually assaulted her. The PSI reveals the victim did not want to enter the bedroom and was unable to escape and/or was too afraid to fight off the assailant. *Id.* The PSI added a four-level enhancement under Section 2A3.1(b)(1), and a two-level enhancement under Section 2A3.1(b)(2). These enhancements result in an adjusted offense level of 33. This provides for a presumptive sentencing range of 168–210 months because of the Defendant's Criminal History Category III. The statutory maximum sentence is 180 months or 15 years. *See* 18 U.S.C. § 2243(a).

█ In order for the cross reference provisions of Section 2A3.2(c)(1) to be triggered, the Court must find, by a preponderance of the evidence, that "force" was used by the defendant against the victim in the commission of the crime. *See* U.S.S.G. § 6A1.3(a). In determining the appropriate base offense level, the sentencing judge is entitled to base his findings of fact on the trial record. *See United States v. Crow*, 148 F.3d 1048, 1050 (8th Cir.1998). The dispute revolves around the term "force" or "actual force" as applied to this factual scenario.

█ The Eighth Circuit has consistently construed the term "force" as used in 18

U.S.C. § 2241(a)(1) to mean the use of "physical force sufficient to overcome, restrain, or injure the victim." *United States v. Buckley*, 195 F.3d 1034 (8th Cir. 1999) (citing *United States v. Allery*, 139 F.3d 609, 611 (8th Cir.1998)); *United States v. Fire Thunder*, 908 F.2d 272, 274 (8th Cir.1990). It is well-established that 18 U.S.C. § 2241(a) envisions and/or requires a showing of actual force. *United States v. Blue*, 255 F.3d 609, 612 (8th Cir.2001)(no use of force under Section 2A3.1 where the only evidence was the fact the defendant was a large adult and the victim was a small child); *United States v. Fulton*, 987 F.2d 631, 633 (9th Cir.1993); *United States v. Fire Thunder*, 908 F.2d 272, 274 (8th Cir.1990).

The Court has reviewed a multitude of federal cases which have addressed the issue of what constitutes a showing of "force" for purposes of 18 U.S.C. § 2241(a)(1). Unfortunately, there is little, if any, precedent to provide guidance and direction.

In *United States v. Fire Thunder*, 908 F.2d 272 (8th Cir.1990), the district court had presumed that force was present sufficient to comply with 18 U.S.C. § 2241(a)(1) because the offense was committed by an adult who was the father of the victim, an 8–year old child. The Court noted there was some evidence in the record the defendant had locked the door to the room where the sexual contact had taken place. The Court said this affirmative act *"may constitute actual force."* 908 F.2d 272, 274, n. 2. However, the locking of the door to the room where the criminal offense occurred was not an issue presented on appeal.

In *United States v. Blue*, 255 F.3d 609 (8th Cir.2001), the Eighth Circuit held the evidence did not support the imposition of a sentence enhancement for the use of force even though the defendant had placed his penis in a young child's mouth because there was no evidence as to the use of physical force or threats by the defendant. The Court stated the only factors suggestive of the use of force was the size difference between the defendant and the child. The Court noted that size difference per se does not equate with the use of force under Section 2A3.1.

Finally, in *United States v. Crow*, 148 F.3d 1048 (8th Cir.1998), the Eighth Circuit held the evidence was insufficient to support a sentence enhancement for the use of force where the defendant had touched the victim, removed her clothes, had intercourse with her, had hurt the victim, and had threatened her family should she tell anyone of the sexual misconduct. The victim was only 10–years old.

It is clear there is a need for a showing of actual force to trigger the sentencing enhancement. However, there is a lack of any precedent or guidance in existing case law beyond that requirement. The actions of a defendant in locking or barricading a door to the room where a sexual offense occurred may equate with the use of "actual force," but there are no reported cases that have reached that conclusion to date.

The Court has also carefully reviewed the trial transcript and the testimony of the victim. The victim testified that the events in question began with her standing outside her home in New Town, North Dakota. According to the victim, the Defendant approached her from across the street. *See* Trial Transcript, 43–44. The Defendant asked the victim if she wanted to have sex with him and the victim replied, "What do you think" to which the Defendant responded, "Yeah." Tr. 44. After this exchange, the victim left the Defendant and returned to her home. Shortly thereafter, the Defendant telephoned the victim and informed her (the victim) that his niece was over at his house and

the Defendant again asked the victim to come over, which she did. Tr. 45. When the victim arrived at the Defendant's residence, the Defendant was standing outside and he asked the victim to come inside. Tr. 46.

The evidence revealed there were several other persons sitting on a couch in the living room when the victim arrived. Tr. 62. During the testimony presented at trial, the victim said the Defendant brought her to a bedroom; left the victim in the bedroom and went to the kitchen to "grab a knife;" and when he returned to the bedroom the Defendant placed the knife in the door and pushed a dresser in front of the bedroom door. Tr. 47–48. During this period of time, the victim was sitting on the bed. Tr. 48. The Defendant then proceeded to remove the victim's clothing and they engaged in intercourse. Tr. 48–50. The victim testified she did not want to have intercourse. Tr. 50. The undisputed evidence revealed the victim was 15–years old at the time of the sexual assault. The evidence also revealed the victim is developmentally disabled with an IQ below 70. Tr. 82. A special education case manager (Joan Metcalf) testified the victim's mental and social/emotional limitations would have prevented her from effectively communicating her desire not to engage in intercourse or to prevent it from even occurring. Tr. 82. Metcalf testified the victim has a great deal of difficulty disagreeing with anyone and she can be talked into doing "almost anything." Tr. 83. Counsel for the Defendant suggests the purpose for barricading the door could have been for keeping other people out of the bedroom. However, it is equally plausible that the barricading of the door could serve a purpose of preventing the victim from leaving the room. Nevertheless, the critical issue is whether the actions of the Defendant constituted the use of "actual force" which would trigger the cross reference provisions of the Sentencing Guidelines as set forth in Section 2A3.2(c)(1).

■ The Court finds, by a preponderance of the evidence, that there is insufficient evidence in the record to support a finding the Defendant used actual force in the commission of the crime. It is clear that 18 U.S.C. § 2241(a)(1) requires a showing of actual force. The Court acknowledges that violent conduct by the offender which is directed at the victim is not necessary. However, the locking or barricading of the door to the bedroom where the sexual offense took place does not constitute the use of "*actual force*" under the facts and circumstances as presented in this case. The preponderance of the evidence does not support a finding that actual force was used in the commission of the offense.

■ The Court also finds, by a preponderance of the evidence, that the Defendant took active measure(s) to unduly influence the victim to engage in the prohibited sexual conduct. The preponderance of the evidence clearly supports the finding that the victim's behavior was compromised by such actions which warrants a two-level enhancement under Section 2A3.2(b)(2)(B).[1]

---

1. Another two-level "vulnerable victim" enhancement arguably applies but has not been utilized. *See* U.S.S.G. § 3A1.1(b). There is little question the Defendant knew or should have known that the victim was a "vulnerable victim" due to her age *and* mental condition. However, there is some question as to whether the "vulnerable victim" sentencing enhancement is triggered when the two-level enhancement under Section 2A3.2(b)(2)(B)has been invoked. The Court will give the defendant the benefit of the doubt. There was scant evidence presented concerning the defendant's knowledge of the victim *or* the victim's mental condition.

For the reasons set forth above, the Court finds, by a preponderance of the evidence, that the Defendant should be sentenced pursuant to the provisions of Section 2A3.2(a)(3) rather than the cross reference provisions set forth in Section 2A3.2(c)(1). In addition, the evidence supports a two-level enhancement under Section 2A3.2(b)(2)(B). The application of Section 2A3.2(a)(3) plus the two-level enhancement under 2A3.2(b)(2)(B) yields a total offense level of 20 and a presumptive sentence range of 41–51 months of incarceration with the defendant's Criminal History Category III.

 The sufficiency of the evidence strongly supports the jury verdict and conviction for sexual abuse of a minor. There is no question the defendant, Cody Serdahl, took advantage of a 15–year old developmentally disabled victim who was incapable of resisting a sexual assault, whether force was used or not. The Defendant was 24–years old at the time of the offense and was astute enough to know precisely what he was doing.[2] For the Defendant to suggest that he may have blacked out and is unaware of whether he had sex is ludicrous at best. The Defendant took active measures to unduly influence the victim, and he took advantage of a vulnerable victim who was incapable or unable to provide any resistance because of her mental handicap. Although "actual force" was not used to commit the offense, there was certainly coercive force of mind employed by the Defendant to influence the victim.

This is a close case. The Defendant has his foot in the door to a fifteen year sentence and an adult life behind bars at a federal prison. However, the Court is not

convinced the preponderance of the evidence supports a finding of actual force so as to invoke the cross reference provisions of Section 2A3.2(c)(1). More important, there is no precedent to support such a finding based upon the factual circumstances presented in this case.

**IT IS SO ORDERED.**

---

**2.** On February 5, 2004, the Court ordered a psychological evaluation to assess the Defendant's intellectual, social, emotional, functioning, and any mental disorder, along with recommendations for treatment. On March 28,

2004, the Sexual Evaluation Integrative Report was returned. The diagnostic testing revealed the Defendant is at an overall low risk of recidivism for sexual or violent offenses.