# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2114

_____

United States of America,      *
     *
        Appellee,      *
     *   Appeal from the United States
    v.      *   District Court for the District
     *   of South Dakota.
Terry D. Searby,      *
     *
       Appellant.      *

_____

Submitted: December 12, 2005
Filed: March 13, 2006

_____

Before MELLOY, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Terry Dean Searby pleaded guilty to sexual abuse of a minor in violation of 18 U.S.C. §§ 1153, 2243(a), and was sentenced to 160 months of imprisonment. He appeals, arguing that the district court[1] erred in finding he used force to commit the offense, and imposed an unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court affirms.

_____

[1]The Honorable Charles B. Kornman, United States District Judge for the District of South Dakota.

I.

On April 24, 2004, the 14-year-old victim and her 13-year-old cousin were visiting Searby's trailer. Later that evening, the two began to walk toward a bedroom. The victim testified that Searby pushed her cousin out of the way, grabbed her by the arm, and took her to the bedroom. Both Searby—then 38 years old—and the victim were heavily intoxicated.

The victim testified that she fell asleep, but woke up undressed and with Searby on top of her. The victim said that she "was telling him no, to stop, to leave me alone." Searby grabbed her arms, put them above her head, and held them there. "I was telling him to stop but he wouldn't stop," she testified. She tried to push him away, continuing to protest. "All the time I was telling Terry, stop, don't, leave me alone. But Terry wouldn't do it," she testified. She told him to stop about eight or nine times. She testified that, as Searby raped her, she experienced vaginal pain.[2] At some point, she was "trying to fight" Searby, when he hit her in the back of the head with a beer bottle.

The victim's cousin testified she heard the protests, specifically "don't," "ow," and "stop." The cousin ran down the road to a house, where neighbors called the police.

In custody, Searby admitted to police officers that he and the victim had sexual intercourse. However, he insisted it was consensual, and that he did not use force. He repeated these claims in the presentence interview and at sentencing.

---

[2]An FBI agent who interviewed her shortly after the rape testified that she had been bleeding, as shown by the clothing and blankets recovered from the scene.

The district court did not believe Searby. Finding that he committed criminal sexual abuse under the cross-reference in § 2A3.2(c), the court applied section 2A3.1 of the sentencing guidelines, which set a base offense level of 27.[3] Finding that Searby used force, the court applied the 4-level enhancement in § 2A3.1(b)(1). Finally, the court applied the 2-level enhancement under § 2A3.1(b)(2) based on the victim's age. After these enhancements, the offense level is 33. Searby sought a reduction for acceptance of responsibility, which was denied. Searby appeals.

II.

Searby argues that the district court erred in finding that he forced the victim to have intercourse. In particular, he attacks the court's consideration of the victim's testimony that Searby hit her in the head with a beer bottle. He asserts that, because the hitting allegedly occurred after he penetrated the victim, the district court erred in finding that he used the beer bottle to obtain sex forcefully. Searby concludes that the district court had no basis to apply the § 2A3.2(c) cross-reference for criminal sexual abuse, and thus should have instead found that he accepted responsibility for the offense under § 3E1.1(a).

The Government can show criminal sexual abuse by proving force "sufficient to overcome, restrain, or injure a person; or the use of a threat of harm sufficient to coerce or compel submission by the victim." *United States v. Bordeaux*, 997 F.2d 419, 421 (8th Cir. 1993), *quoting United States v. Fire Thunder*, 908 F.2d 272, 274

---

[3]The district court used the 2003 sentencing guidelines, presumably because the base level under the 2004 guidelines in effect at sentencing was higher. *See United States v. Carter*, 410 F.3d 1017, 1027 (8th Cir. 2005) (when the guidelines in effect on the date of the crime recommend a lower sentence, the court should use those guidelines in their entirety), *citing* U.S.S.G. § 1B1.11.

(8th Cir. 1990); *see also* U.S.S.G. § 2A3.2(c). "The force requirement . . . is met when the sexual contact resulted from a restraint upon the other person that was sufficient that the other person could not escape the sexual contact." **Bordeaux**, 997 F.2d at 421 (internal quotation marks omitted).

Setting aside the beer-bottle incident, there is still ample evidence of force. The victim testified that the intercourse was not consensual, and that Searby restrained her by holding her hands above her head. She further testified that she tried to fight him away and that she protested several times. The victim's cousin confirmed the protests.

Searby points out that the victim testified she did not remember whether she unbuckled his pants before they had sex. Considering the victim's testimony as a whole—including her repeated insistence that the intercourse was forced and not consensual—the district court did not clearly err in finding that there was no consent and that Searby used force. *See **United States v. Lopez**, 431 F.3d 313, 316 (8th Cir. 2005) (district court's factual findings at sentencing are reviewed for clear error).

Nor did the district court clearly err in finding that Searby failed to accept responsibility by minimizing what he did. Despite the overwhelming evidence, he consistently asserted that he did not force the victim to have intercourse. After a hearing, the district court found these assertions not credible. That credibility finding is entitled to "great deference." **United States v. Rodamaker**, 56 F.3d 898, 901 (8th Cir. 1995). This court upholds the district court's finding that Searby failed to accept responsibility.

III.

Finally, Searby presents a myriad of arguments purporting to show that his sentence was unreasonable. He argues that the district court erred in (1) basing the sentence on the judge's outrage over similar crimes on the reservation; (2) finding that the cousin was an eyewitness to the crime; (3) determining that Searby used force; (4) considering his prior DUI offenses; (5) discounting Searby's successful completion of alcohol abuse treatment; (6) imposing too harsh a sentence for statutory rape; and (7) undervaluing Searby's confession that he had intercourse with the victim.

Searby has not overcome the presumption that his 160-month sentence, which was near the bottom of the advisory guidelines range, is reasonable. *See United States v. Lincoln*, 413 F.3d 716, 717-18 (8th Cir. 2005). The district court properly considered the guidelines range of 151 to 180 months and applied the factors in 18 U.S.C. § 3553(a), including the nature, seriousness, and circumstances of the offense, Searby's criminal history and characteristics, and the need to promote respect for the law, provide just punishment, and deter criminal conduct. *See United States v. Lamoreaux*, 422 F.3d 750, 756 (8th Cir. 2005). This court finds that the sentence is not unreasonable.

IV.

The judgment is affirmed.

_____