KELLY, Circuit Judge,
dissenting.
Because I believe that it was error for the district court to give a theory-of-defense instruction on consent, I respectfully dissent.
The district court sua sponte, and over the strenuous objection of the defense, drafted and gave the following instruction to the jury:
It is the Defendant’s position that on the morning of March 14, 2015, he and Jane Doe had consensual sexual relations and that he did not use force against her to engage in sexual intercourse. There is no consent if the sexual act was accomplished against the will of Jane Doe by the use of force, coercion, or threats. Consent may be verbal or implied based on the facts, circumstances, and evidence presented to you.
The court concedes that consent is not an element of the charge of aggravated sexual abuse under 18 U.S.C. § 2241(a)(1). See United States v. Rivera, 43 F.3d 1291, 1298 (9th Cir. 1995). A defendant cannot “be convicted simply on a finding of non-consensual sexual activity.” United States v. Jones, 104 F.3d 193, 197-98 (8th Cir. 1997). Rather, the defendant must cause the victim to engage in the sex act by using force. Id. at 198. For the same reason, consent is not necessarily a total defense to the charge. See Rivera, 43 F.3d at 1297-98. The most that can be said is that “consent is relevant to the extent it negates the required causation.” Martin, 528 F.3d at 753. But the jury instruction never explained the narrow relationship of consent to the elements of the charge. Without such an explanation, there is a substantial risk that the jury rested its verdict on an improper finding that A.J. did not consent. I believe it was error for the district court to instruct on the concept of consent without explaining how “consent related to the elements the jury was required to find.” Id. (rejecting defendant’s proposed consent instruction because it “does not correctly describe the role of consent in a trial under 18 U.S.C. § 2241”).
Properly defining consent was crucial in this case because Cobenais’ defense was that he did not use force to coerce or compel sex; instead, the force used was inherent in the consensual sexual act. Only the former is sufficient to convict under § 2241(a)(1). See United States v. Fire Thunder, 908 F.2d 272, 274 (8th Cir. 1990) (“The force requirement of section 2241(a)(1) is met when the ‘sexual contact resulted from a restraint upon the other person that was sufficient that the other *743 person could not escape the sexual contact.’ ” (quotation omitted)).
The first sentence of the instruction confuses Cobenais’ theory. It states that “[i]t is the Defendant’s position that” Cobenais “did not use force against [A.J.] to engage in sexual intercourse.” The instructions elsewhere defined “force,” in part, as “the use ... 'of physical force sufficient to ... injure a person.” Read together, these instructions misrepresent Cobenais’ position, and he properly objected.[5] In contradiction with the instruction, and in support of his defense that the force itself was consensual, Cobenais testified that he used physical force that injured A.J. while the two engaged in a sexual act. Yet, the jury was told that Cobenais’ position was contrary to his own testimony. By setting out a theory that defendant did not request and assei’ting that the defendant supported it despite his objection and contrary testimony, I believe the instruction misled the jury. See United States v. White, 863 F.3d 784, 790 (8th Cir. 2017) (en banc) (“We will reverse if the instructions contained errors that misled the jury or had a probable effect on the jury’s verdict.” (internal quotation omitted)); see also Quercia v. United States, 289 U.S. 466, 470, 53 S.Ct. 698, 77 L.Ed. 1321 (1933) (trial court’s “deductions and theories not warranted by the evidence should be studiously avoided” (internal quotation omitted)).
The second sentence of the consent instruction is equally, if not more, problematic. Instead of giving the jury a definition of consent, the second sentence is framed in the negative, describing what would constitute a lack of consent. Again reading in the definition of force, it states: “There is no consent if the sexual act was accomplished against the will of [A.J.] by the use of [physical force sufficient to injure], coercion, or threats.”[6] The court focuses on the inclusion of the phrase “accomplished against the will.” I agree that this language touches on the central relationship between force and causation, but it fails to provide any meaningful guidance to the jury.
This sentence — and the court — incorrectly suggest that there is no consent, ie., that Cobenais’ purported defense fails, if the sexual act was accomplished by the use of physical force and resulted in unwanted injury. But § 2241(a)(1) does not criminalize those who willingly engage in forceful, or even violent, sexual activity with other willing adults, even if that activity results in injury. Rather, the defendant must “knowingly cause[ ] another person to engage in a sexual act ... by using force *744 against that other person,” 18 U.S.C. § 2241(a)(1), such that the “other person could not escape the sexual contact,” Fire Thunder, 908 F.2d at 274 (quotation omitted). The court' asserts that the second sentence is saved by the inclusion of the phrase “against the will,” which it asserts is modified by the term “force.” But the court omits the instructions’ definition of force, which includes “physical force ... sufficient to injure a person.” If the jury found only that the injury resulting from the sexual act was “against [AJ.’s] will”— a reasonable conclusion, to be sure — such a finding is insufficient to convict Cobenais for aggravated sexual abuse. Because the second sentence of the jury instruction misstates the law and fails to explain the crucial relationship of consent, force, and causation, I believe it was error to provide it to the jury. See J. C. Carlile Corp. v. Farmers Liquid Fertilizer, Inc., 346 F.2d 91, 94 (8th Cir. 1965) (“[A]n instruction which ignores a material issue in a case about which the evidence is conflicting and allows the jury to find a verdict without considering that issue, is misleading and prejudicial even though another instruction which correctly presents that issue is contained in other parts of the charge.”).
Finally, although the government never raised harmless error, I conclude the erroneous jury instruction was prejudicial to Cobenais, warranting a new trial. This, is not amase that presented overwhelming evidence of Cobenais’ guilt: A.J. told numerous versions of the events of that night that were contradicted by Cobenais. By focusing the jury on consent, the district court’s instruction distracted the jury from the elements of the charge and Co-benais’ actual defense. See United States v. Fykes, 678 Fed.Appx. 677, 686 (10th Cir. 2017) (prejudice can be found “when an erroneous instruction allowed the jury to improperly circumvént the defendant’s trial theory”). The government exploited the misconceptions created by the consent instruction by stating several times during closing — over Cobenais’ objection — that the use of physical force during the sexual act meant the act was non-consensual and thus Cobenais, was guilty. T. Tr. 271, (“The issue here in this case boils down to this one element. Was physical force, used to perform. the sexual act.”); id.' at 275 (“[Njobody is going to consent to having a fist shoved up their vagina and it rips them inside. That’s what this - case is about.”). The risk that the jury accepted the government’s interpretation of. the consent instruction is simply too significant to overlook in this case. See United States v. Simpson, 845 F.3d 1039, 1061-62 (10th Cir. 2017) (finding a likelihood of prejudice when the prosecutor invited the jury to consider the evidence in a way that likely caused the jury to rely on the error in the jury instructions). Because the erroneous instruction was- prejudicial, I would reversé and remand for a new trial.

. The second sentence includes a misstatement of the law. Without narrowing definitions, neither bare coercion nor simple threats are sufficient to warrant a conviction under § 2241(a)(1). See Jones, 104 F.3d at 198 (holding that "the inclusion of threats as a basis for conviction was error” in a jury instruction that was, in relevant part, identical to the second sentence here); Fire Thunder, 908 F.2d at 274 ("Section 2241(a)(1) envisions actual force.”). By including these erroneous elements, the instruction inserted “a false issue of magnitude sufficient to nullify proper consideration of the issues” by the jury, and "a conviction so based cannot stand.” Michaud v. United States, 350 F.2d 131, 134 (10th Cir. 1965).