UNITED STATES of America, Appellee,

v.

Abraham Joseph CRANE, a/k/a
Abraham Joseph Pretty
Voice, Appellant.

No. 91–2266.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 7, 1992.

Decided May 13, 1992.

Al Arendt, Pierre, S.D., argued, for appellant.

Dennis Holmes, Pierre, S.D., argued, for appellee.

Before BEAM, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

BEAM, Circuit Judge.

On December 12, 1990, Abraham Joseph Crane was charged with two counts of sexually assaulting a girl under the age of twelve in violation of 18 U.S.C. §§ 1153, 2241(c), & 2245(2)(C). Crane pleaded guilty to one of the counts and the district court sentenced him to twelve years in prison. Crane appeals his sentence, asserting that the district court erred in enhancing his offense level by two points based on a finding that the child was in Crane's custody or control when the abuse occurred. We affirm.[1]

I.  BACKGROUND

Crane pleaded guilty to one count of sexually assaulting a four-year-old girl some time on or between February 27, 1990, and September 20, 1990. The child's mother, Gail Stewart, testified at the sentencing hearing. Stewart stated that she had moved in with Crane in early 1990 and later married him on April 2, 1990. They lived in a one-room house on the Rosebud Indian Reservation in South Dakota. The child, J.P., lived with Stewart's mother. About once a month, J.P. visited Stewart and Crane, sometimes staying overnight. J.P.'s grandmother usually accompanied her on these visits. Although Crane presented witnesses who testified that they had not seen Crane alone with J.P., Stewart testified that Crane sometimes was left alone with J.P.

Crane also testified at the sentencing hearing. According to his testimony, J.P. only visited three times during the period he and Stewart lived together. Crane described one incident of abuse. He testified that Stewart brought J.P. with her to the one-room house. Stewart, who was drunk,

---

1. This appeal was consolidated for oral arguments with another, *United States v. Balfany,* 965 F.2d 575 (8th Cir.1992) because one compa-rable issue arose in both. The two cases, however, are factually distinct and, as such, we have issued a separate opinion for each appeal.

removed the child's clothes and told Crane "go and get her because somebody else was going to get her." Sentencing Transcript at 51. Crane stated that he put his finger into J.P.'s vagina and then left the house.

## II. DISCUSSION

Crane contends that the district court erred in enhancing his offense level by two points based on a finding that J.P. was in his "custody, care, or supervisory control." *See* U.S.S.G. § 2A3.1(b)(3). We disagree. Congress has established that in reviewing a district court's sentencing decision, we "shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e) (1988); *see also, e.g., United States v. Cornelius,* 931 F.2d 490, 493 (8th Cir.1991). We see no error here.

The application notes to section 2A3.1 state that the enhancement for custody of the victim applies because, "[w]hether the custodial relationship is temporary or permanent, the defendant in such a case is a person the victim trusts or to whom the victim is entrusted." U.S.S.G. § 2A3.1 commentary. The purpose behind the enhancement is that such a situation "represents the potential for greater and prolonged psychological damage." *Id.*

We believe the evidence shows Crane had at least temporary custody or care of J.P. By his own testimony, Crane admitted that Stewart relinquished custody and control of J.P. to him before he assaulted her. Although Stewart invited Crane to commit the assault, this does not alter the fact that he had custody or control of J.P. Moreover, the purposes underlying the enhancement apply in this case. Although J.P. did not live with Crane and Stewart and even may have met Crane only a few times, Crane certainly was no complete stranger to J.P. Crane was a close friend of J.P.'s mother and eventually became J.P.'s stepfather. As such, J.P. had no reason to be wary of Crane. Crane abused his relationship to J.P. and, hence, her trust. As a

result, the potential for greater and prolonged psychological damage to the abused child exists here. The district court, therefore, did not err in enhancing Crane's offense level by two points.

## III. CONCLUSION

For the reasons discussed above, we affirm Crane's sentence.