# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3613

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota |
| Pernell Robert Crow, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  June 22, 1998

Filed:  July 15, 1998

_____

Before McMILLIAN, FLOYD R. GIBSON,[1] and BEAM, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Pernell Robert Crow, a Native American, appeals from the final judgment entered in the District Court for the District of South Dakota upon a jury verdict finding him guilty of abusive sexual contact, in violation of 18 U.S.C. §§ 2244(a)(1) and 1153.

---

[1]The Honorable Floyd R. Gibson was on the original panel in this case.  Judge Gibson has been disabled by illness from reviewing the opinion.  Judge McMillian and Judge Beam, as the remaining two judges on the panel, have determined the appeal pursuant to 8th Cir. R. 47E, and the opinion is being filed in the interest of avoiding undue delay.

The district court sentenced him to 96 months imprisonment and three years supervised release, and ordered restitution in the amount of $692.50. For reversal, Crow argues that the evidence was insufficient to support his conviction and that the district court erred in calculating his base offense level. For the reasons discussed below, we affirm Crow's conviction, but reverse and remand for resentencing.

At trial, the government's evidence included the testimony of the victim--who was ten years old at the time of the trial--as to the following. During the time her family and Crow resided together, Crow touched her "private parts" with his fingers and "his thing"; she marked on a picture of a little girl that Crow touched her in her vaginal area, and marked on a picture of a man that she meant Crow's penis when she referred to his "thing." When Crow first touched her, they still were wearing their clothes, but when he touched her with "his thing," they were naked, because he had removed her clothes--although she did not want him to do so--and had also removed his clothes; she indicated Crow "hurt" her, and subsequently told her he would hurt her or her mother if she told anyone what had happened. The government read into the record the parties' pretrial stipulation for purposes of jurisdiction that the site of the alleged offense was "in Indian country" and that Crow was a Native American.

We will reverse a conviction for insufficient evidence only when we conclude that no reasonable juror could find guilt beyond a reasonable doubt, and we review the evidence in the light most favorable to the government, accepting all reasonable inferences supporting the verdict. See United States v. Behr, 33 F.3d 1033, 1035 (8th Cir. 1994). Viewing the evidence in this light, we conclude that it was sufficient to support a guilty verdict for the charged conduct. See 18 U.S.C. § 2246(3) ("sexual contact" means intentional touching, either directly or through clothing, of genitalia, anus, groin, breast, inner thigh, or buttocks of any person with intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire of any person). Although defense counsel asserts the evidence was insufficient based on certain factual inconsistencies in the victim's testimony not repeated here, the jury was entitled to

judge the credibility of the victim and the other witnesses, and to resolve any contradictions in the evidence. See United States v. Ireland, 62 F.3d 227, 230 (8th Cir. 1995).

As to Crow's sentence, the presentence report (PSR) noted that the offense occurred one evening when the victim was awakened by Crow "who was touching her vagina with his hand . . . over the top of her clothing," and that Crow's verbal threat occurred after the victim's family had relocated from Crow's residence. The PSR indicated, based on the circumstances of the offense, a base offense level of 16 under U.S. Sentencing Guidelines Manual § 2A3.4(a)(1) (1997), which applies when the offense was committed "by the means set forth" in 18 U.S.C. § 2241(a) or (b). Guidelines commentary explains that those "means" include "using force against the victim," or "threatening or placing the victim in fear that any person will be subjected to death, serious bodily injury, or kidnapping." See U.S.S.G. § 2A3.4, comment. (n.1) (1997). Counsel objected to the PSR, arguing that Crow's base offense level should be 10 pursuant to U.S.S.G. § 2A3.4(a)(3) & comment. (n.1) (1997), because no force was used at the time of the alleged sexual contact.

At sentencing, the government relied on the victim's trial testimony pertaining to the use of force or a threat, whereas Crow maintained that the pertinent Guideline contemplated the use of force contemporaneous with the commission of the alleged offense, and that the government was relying on a statement by the victim which was made approximately one month after the alleged incident. The district court agreed a contemporaneous force or threat was required and thus determined that it would not consider on the issue of force Crow's post-offense statement to the effect he would commit an act of violence if the victim told anyone what occurred. Nevertheless, the district court denied the objection, concluding that force had been established by a preponderance of the evidence based on the victim's trial testimony.

Reviewing the district court's factual determinations regarding the use of force for clear error, see United States v. Frieberger, 28 F.3d 916, 918 (8th Cir. 1994), cert. denied, 513 U.S. 1097 (1995), we conclude that the district court erred in finding that the force requirement was met in this case, see United States v. Bordeaux, 997 F.2d 419, 421 (8th Cir. 1993) (force requirement is met when sexual contact resulted from restraint upon another person such that person could not escape sexual attack). Although the district court was entitled to rely upon the evidence presented at trial in making its sentencing determination, see United States v. Dailey, 918 F.2d 747, 748 (8th Cir. 1990), the only evidence in the record arguably connoting use of force at the time of the offense was the victim's testimony that Crow removed her clothes although she did not want him to, and sexually assaulted her, hurting her. However, the record is devoid of any evidence regarding Crow's size in relation to the victim's, the victim's (perceived) ability to escape the sexual attack, or what exactly the victim meant when she stated Crow "hurt" her--i.e., whether Crow hurt her to compel her to submit to the sexual contact, or whether the contact itself hurt her.

Where we have previously addressed U.S.S.G. § 2A3.4(a), we have upheld the district court's finding of a contemporaneous use of force based on more evidence than is contained in this record. Cf. United States v. Knife, 9 F.3d 705, 706-07 (8th Cir. 1993) (more than sufficient evidence that offense was committed by use of force or threat where defendant weighing 210 pounds lay on victim, held her down during contact, and told her not to tell or "'he would do more'"; victim felt defendant's presence physically threatening; victim continued to fear defendant after leaving his home; and defendant struck victim, though not during sexual conduct); United States v. Bordeaux, 997 F.2d at 421 (force established based on disparity in size between defendant and victim--200 pounds compared to nonobese child--and victim's statements that defendant threatened to tell victim's mother of "dirty book" found by child if victim told her mother about sexual assaults); United States v. Fire Thunder, 908 F.2d 272, 274-75 (8th Cir. 1990) (force requirement not met merely because defendant was adult person and stepfather to child victim; force requirement met,

however, where defendant threatened victim's father with death if victim told anyone of sexual attacks).  Given the lack of more definitive evidence supporting the district court's finding that Crow used force at the time of the offense, we must conclude the court committed clear error.  We thus reverse and remand for resentencing based on the correct base offense level of 10 pursuant to U.S.S.G. § 2A3.4(a)(3).

Accordingly, we affirm Crow's conviction, but reverse and remand for resentencing in accordance with this opinion.  We deny Crow's motion for appointment of new appellate counsel; however, Crow should be represented by counsel at resentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.