

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2006

# USA v. Campbell

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3724

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Campbell" (2006). *2006 Decisions.* Paper 274.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/274

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3724

UNITED STATES OF AMERICA

v.

JOHN L. CAMPBELL, III,

Appellant.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cr-00306)
District Judge:   Hon. Eduardo C. Robreno

Submitted under Third Circuit LAR 34.1(a)
on September 26, 2006

BEFORE: RENDELL, CHAGARES and ROTH <u>Circuit Judges</u>

(Opinion Filed: October 31, 2006)

OPINION

**ROTH,** <u>Circuit Judge</u>:

On November 5, 2004, John L. Campbell, III, pled guilty to two counts of using a minor to produce visual depictions of sexually explicit conduct in violation of 18 U.S.C. § 2251(a) and one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2), (b)(1). The District Court sentenced Campbell to a total of 293 months of incarceration, in addition to fines and a period of supervised release. In calculating the period of incarceration, the District Court added a 2-level enhancement based on its finding that Campbell exercised temporary supervisory control over one of the minors used in his violation of § 2251(a). The sole issue on this appeal is whether the District Court erred in adding that enhancement.

The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction to review Campbell's sentence for reasonableness under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291. In reviewing the reasonableness of Campbell's sentence, we look to whether the District Court considered the factors listed in 18 U.S.C. § 3553(a). <u>United States v. Cooper</u>, 437 F.3d 324, 329 (3d Cir. 2006). As a part of its consideration of the § 3553(a) factors, the District Court must calculate the correct range under the Sentencing Guidelines. 18 U.S.C. § 3553(a)(4); <u>Cooper</u>, 437 F.3d at 330. We exercise plenary review over the District Court's legal interpretation of the Sentencing Guidelines and review its factual findings for clear error. <u>United States v. Irvin</u>, 369 F.3d 284, 286 n.2 (3d Cir. 2004).

The relevant facts of this case essentially are undisputed. Included in the evidence against Campbell was a videotape he had made which contained a series of sexually graphic

depictions of two minor children. Only the depictions of one child are at issue on this appeal. This child, R.L., is the grandson of Campbell's mother's then-boyfriend; Campbell had no familial relationship with R.L. The videotape depicts R.L. bathing and sleeping and reflect that Campbell was the only adult present during the taping (though not necessarily the only adult in the home).[1] The bedroom scenes involve Campbell undressing R.L. while he sleeps and include R.L.'s reaction upon awakening the following morning. Although the exact dates of filming are not known, they are placed between January 1999 and December 2000. During this time period, both Campbell and R.L. stayed in R.L.'s grandfather's house, and Campbell was asked to babysit R.L. on multiple occasions. Also during this time period, R.L. bathed in Campbell's presence and slept overnight in Campbell's bed on several occasions.

Based on these facts, the District Court found by a preponderance of the evidence that Campbell qualified for a 2-level enhancement under United States Sentencing Guideline § 2G2.1(b)(2). Under this Guideline, the District Court is instructed to increase the offense level by 2 levels "[i]f the defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant . . .." U.S. SENTENCING GUIDELINES MANUAL § 2G2.1(b)(2) (2003). Application Note 3 to § 2G2.1 states that this subsection "is intended to have broad

---

[1]Campbell argued at sentencing that R.L.'s grandfather was "there," but Campbell is the only adult who can be seen or heard on the tape. Campbell apparently takes the position that the grandfather was home, but not necessarily in the room with Campbell and R.L. when the incidents took place.

application and includes offenses involving a minor entrusted to the defendant, whether temporarily or permanently." The District Court found that Campbell was exercising temporary supervisory control over R.L. when the incidents occurred, thereby qualifying Campbell for the § 2G2.1(b)(2) enhancement.

Campbell challenges the District Court's finding of temporary supervisory control. Campbell correctly asserts that to satisfy the Guideline, a defendant must exercise control not merely at some point in time, but at the time when the criminal conduct occurred. According to Campbell, because the government did not prove that he had been asked to supervise R.L. at the time each of the incidents occurred, the evidence was legally insufficient to establish supervisory control. Campbell relies heavily on the Eighth Circuit case of United States v. Blue, 255 F.3d 609 (8th Cir. 2001). In that case, the Eighth Circuit held that an enhancement under § 2G2.1(b)(3)(A) was inappropriate where the underlying conduct was a brief sexual encounter in the bathroom that occurred while the child's mother slept with the bathroom door in sight, even though the defendant and the child lived in the same house. Id. at 613-15.

We are not persuaded by the analysis in Blue because the case is distinguishable for two reasons. First, the incident in Blue was a brief, one-time encounter under circumstances in which it was plainly evident that the defendant had not been entrusted with supervision of the child. Here, the incidents in question involved bathing and overnight stays in which Campbell and R.L. were alone and undisturbed for lengthy periods of time. Moreover, the record indicates that Campbell was repeatedly entrusted to supervise R.L. in settings similar – if not identical – to those which he filmed. Second, the Eighth Circuit specifically noted

4

that the record in <u>Blue</u> lacked any evidence that the defendant maintained a relationship of trust of the child. Here, the record is replete with such evidence. Because § 2G2.1(b)(2) is aimed in large part at punishing abuse of a child's trust, <u>see</u> <u>United States v. Balfany</u>, 965 F.2d 575, 585 (8th Cir. 1992), Campbell's relationship of custodial trust with R.L. is an important factor.

As explained in the Application Notes, § 2G2.1(b)(2) is intended to have broad application. In proving temporary supervisory control, the government need not establish that the defendant specifically was asked to supervise the child. Instead, supervisory control may be implied from the circumstances. In <u>Balfany</u>, supervisory control was established where the defendant lived with the child, cared for the child "at times," enjoyed a relationship of trust with the child, and accosted the child in settings in which supervisory control could be reasonably inferred. 965 F.2d at 585. Those factors all are present here. Although the finding of supervisory control might be cleaner were the government able to establish that Campbell was home alone with R.L., the videotape evidences access sufficient for the District Court to conclude that R.L. was under Campbell's control – especially since the government need not establish that Campbell's control was exclusive. <u>See</u> <u>United States v. Chasenah</u>, 23 F.3d 337, 339 (10th Cir. 1994). As such, we cannot say that the District Court's finding was clearly erroneous.

For the above reasons, we will affirm the judgment of the District Court.