**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3555
_____

UNITED STATES OF AMERICA

v.

THOMAS A. O'CONNOR,
                              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 1-12-cr-00217-001)
District Judge: Hon. Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
February 10, 2015
_____

Before: CHAGARES, VANASKIE, and SHWARTZ, <u>Circuit Judges</u>.

(Filed: February 10, 2015)
_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Thomas O'Connor pleaded guilty to production and receipt of child pornography and received a within-Guidelines sentence of thirty-five years' imprisonment. He contends that his sentence was substantively unreasonable. Although this Court has acknowledged that the Guidelines applicable to O'Connor's conduct are not the product of the Sentencing Commission's typical institutional process, within-Guidelines sentences for the offenses they cover are not necessarily substantively unreasonable. As applying the Guidelines here did not result in a substantively unreasonable sentence, we will affirm.

I

FBI agents received information that O'Connor had engaged in sexual acts with a young boy and transmitted video of them to viewers through his webcam. The Government identified the minor depicted in the transmission as well as a second boy with whom O'Connor had engaged in sexual activity via Skype. Agents searched O'Connor's home and found two computers containing hundreds of thousands of images and videos of child pornography, including some involving infants and others involving animals. Chat logs obtained from the computers revealed that O'Connor had discussed his activities and sexual preferences with another individual, who had apparently viewed some of O'Connor's sexual activities over the Internet.

A grand jury returned an indictment charging O'Connor with: (1) persuading a minor to take part in sexually explicit conduct for the purpose of producing a visual

depiction thereof, in violation of 18 U.S.C. § 2251(a) (Count One); (2) receiving, distributing, and causing to be received or distributed visual depictions of prepubescent minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) (Count Two); and (3) knowingly possessing images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Three). O'Connor pleaded guilty to Counts One and Two and acknowledged that the U.S. Sentencing Guidelines applied to his conduct, that he faced a fifteen-year mandatory minimum sentence of imprisonment on Count One, and that the District Court was statutorily permitted to impose a sentence of up to fifty years' imprisonment.

At sentencing, the District Court considered several arguments with respect to the Guidelines, including the sole argument O'Connor now raises in this appeal: that application of the Guidelines "result[s] in an outrageously high sentence which does not reflect the policy goals of sentencing." App. 76. The District Court rejected this argument and carefully distinguished United States v. Grober, 624 F.3d 592 (3d Cir. 2010), in which this Court affirmed a below-Guidelines sentence in a case involving possession of child pornography. The District Court reasoned that, unlike the defendant in Grober, O'Connor had engaged in sexual conduct with minor victims and was thus more than a mere downloader of child pornography. The District Court, therefore, adopted the Guidelines range of 360 to 600 months, see PSR ¶ 16 (applying U.S.S.G.

3

§§ 2G2.1 and 2G2.2 to Count One and Count Two, respectively), which the parties agreed had been accurately calculated.

O'Connor spoke on his own behalf at sentencing, stating that he had been abused as a child and "openly and publicly accept[ed] [his] responsibility for [his] selfish and hurtful actions that led [him] to cause such pain and anguish to so many people, as well as break the law in the United States." App. 147. He further stated: "To deceive, to cheat, to humiliate, and to destroy life, young and old, beyond repair, that was me. To promote the infliction of pain on others, and that was me, too. All the attributes that I detested in the human being I became. I became that monster." App. 148.

The District Court described O'Connor's case as "really an agonizing situation which requires the court to look at both mitigating and aggravating factors." App. 160. The District Court rejected any characterization of O'Connor's crimes as "run of the mill possession of child pornography" and noted that O'Connor had possessed "hundreds of thousands of images and videos of child pornography" that he had downloaded over approximately six years. App. 161. The District Court emphasized that O'Connor's conduct "d[id] not end at merely downloading sexually explicit materials" but involved sexual abuse of two victims whom he had "groomed." App. 162-63. The District Court concluded that O'Connor's "lengthy pattern of sexual abuse," "abhorrent behavior," and high risk of recidivism "given the firmly entrenched nature of [his] sexual deviance and the duration of his conduct" weighed "heavily in favor of a [within-Guidelines

4

sentence," which would "reflect[] the seriousness of the offense." App. 164, 170. The District Court then imposed a sentence of 420 months' imprisonment, consisting of 240 months on Count One and 180 months on Count Two, to be served consecutively.

O'Connor appeals.[1]

II

O'Connor's only argument on appeal is that his sentence was substantively unreasonable. Under the abuse of discretion standard of review, we will affirm a sentence as substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the [D]istrict [C]ourt provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc); see also United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008) ("An estimation of the outer bounds of what is 'reasonable' under a given set of circumstances may not always be beyond debate, but the abuse-of-discretion standard by which that estimation must be judged limits the debate and gives district courts broad latitude in sentencing.").

O'Connor relies primarily on this Court's opinion in Grober to support his argument that his sentence was substantively unreasonable.[2] In Grober, this Court

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review factual determinations underlying sentencing for clear error and the sentencing decision itself for abuse of discretion, assessing whether the District Court committed "significant procedural error" as well as "the substantive reasonableness of the sentence." United States v. Wise, 515 F.3d 207, 217-18 (3d Cir. 2008).

5

analyzed § 2G2.2 in the context of an appeal from a below-Guidelines sentence imposed upon a defendant whose "core conduct was consumption of child pornography" and who had apparently never "engaged in any improper conduct with a child."[3] 624 F.3d at 598. We observed that § 2G2.2 "was not developed pursuant to the [Sentencing] Commission's institutional role and based on empirical data and national experience, but instead was developed largely pursuant to congressional directives." Id. at 608. Section 2G2.2, however, is not a statute, and so a district court may vary based on a policy disagreement as to whether a within-Guidelines sentence that results from the application of § 2G2.2 would meet the sentencing goals set forth in 18 U.S.C. § 3553(a). Id. at 600, 608-09; see generally United States v. Arrelucea-Zamudio, 581 F.3d 142, 151 (3d Cir. 2009) (explaining that the Guidelines do not prevent district courts from sentencing "based on the facts and circumstances of each case under the guidance of the § 3553(a) factors"). We nevertheless did "not hold that § 2G2.2 will always recommend an unreasonable sentence," and stated that "if a district court does not in fact have a policy disagreement with § 2G2.2, it is not obligated to vary on this basis." Grober, 624 F.3d at 609.

---

[2] O'Connor also asserts that his sentence exceeds his life expectancy, but this fact does not render his sentence substantively unreasonable. United States v. Ward, 732 F.3d 175, 186 (3d Cir. 2013).

[3] The district court in sentencing Grober explicitly expressed its reluctance to "make Grober a surrogate for the monsters who prey on child victims through actual contact." Grober, 624 F.3d at 598 (internal quotation marks omitted).

Here, the District Court did not abuse its discretion in declining to vary downward under Grober. O'Connor perpetrated acts of repeated sexual abuse of two children—acts far more heinous than those of a "run of the mill" downloader of images and videos such as the defendant in Grober. App. 161. Thus, it appropriately concluded that a variance under Grober was not warranted.

Moreover, the District Court did not abuse its discretion by imposing a within-Guidelines sentence. The District Court "detailed, step-by-step, its individualized assessment of the sentence that it believed appropriate," and its "reasons are also logical and consistent with the factors set forth in [§] 3553(a)" and "are fully supported by the record." Tomko, 562 F.3d at 571-72 (internal quotation marks omitted). The District Court considered the "abhorrent" nature of O'Connor's abuse, its long duration, and its impact on O'Connor's young victims. App. 161. Based on these facts, the District Court reasonably concluded that O'Connor's repeated victimization of children warranted the sentence it imposed, and we cannot say that no reasonable court would have imposed the same sentence.

III

Because O'Connor's sentence was substantively reasonable, we will affirm.