**UNITED STATES of America**

**v.**

**Zachary Adam KNIGHT, Defendant.**

Criminal No. 1:14–CR–140.

United States District Court,
M.D. Pennsylvania.

Signed June 30, 2015.

James T. Clancy, U.S. Attorney's Office, Harrisburg, PA, for United States of America.

Daniel M. Myshin, Harrisburg, PA, for Defendant.

### *ORDER*

CHRISTOPHER C. CONNER, Chief Judge.

AND NOW, this 30th day of June, 2015, upon consideration of the sentencing memoranda submitted by defendant Zachary Adam Knight ("Knight") and counsel for the government, and for the reasons stated in the accompanying memorandum, and on the record during Knight's sentencing on June 29, 2015, it is ORDERED that Knight's objection to paragraph 26 of the presentence report, which recommends application of a four-level enhancement to Knight's offense level pursuant to U.S.S.G. § 2A3.1(b)(1), is OVERRULED.

### *MEMORANDUM*

On April 1, 2015, defendant Zachary Adam Knight (Knight?) appeared before the undersigned and pled guilty to one count of aggravated sexual abuse of a child under the age of twelve in violation of 18 U.S.C. § 2241(c) and one count of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a). Presently before the court are memoranda submitted by the parties in aid of sentencing. In addition to addressing the salient 18 U.S.C. § 3553(a) factors, Knight objects to the application of

a four-level enhancement to his offense level pursuant to U.S.S.G. § 2A3.1(b)(1). Knight argues that his offense conduct did not involve the type or degree of force contemplated by the Sentencing Guideline. The parties have fully briefed the issue, and during a presentence telephonic conference on June 25, 2015, both sides agreed that the dispute is ripe for disposi-tion. As the court observes *infra*, there is a dearth of decisional law addressing the intersection of U.S.S.G. § 2A3.1(b)(1) and 18 U.S.C. § 2241(c).

## I. *Background*[1]

During the course of a March 2014 investigation into distribution of child por-

1. The court's factual findings are based on the detailed narrative contained in the presentence report, the accuracy of which is not disputed, in addition to the court's independent review of each of the videos found on Knight's cell phone.

The issue of whether and when district courts are required to review video and photographic evidence of child pornography is unsettled. There is a dearth of precedent in this Circuit defining the court's troubling obligation to review such evidence in the absence of pertinent factual disputes. The undersigned submits that presentence judicial review of a representative portion of the evidence is mandated in cases such as the instant matter, in which the defendant pleads guilty to aggravated sexual abuse of a child and sexual exploitation of a child. In these cases, despite the disturbing and horrific acts portrayed, it is incumbent upon the sentencing judge to engage in a *limited* review of the evidence of the offenses of conviction. Specifically, the court submits that such review may be restricted to brief but representative samples of video and photographic evidence selected by the probation officer or other appropriate law enforcement officer. To this extent only, we agree with the sentiments expressed in *United States v. Cunningham*, 680 F.Supp.2d 844 (N.D.Ohio 2010), in which the court implored all judges to personally examine images or videos to "get a true sense of the depravity they depict." *Id.* at 853–54; *see also United States v. Fiorella*, 602 F.Supp.2d 1057, 1069 n. 6 (N.D.Iowa 2009) (observing that "[m]ere words" may be "inadequate to convey the shocking, disgusting, and predatory" conduct of a defendant). However, the court strongly disagrees with the *Cunningham* court's impassioned plea for judicial examination of video and photographic evidence in *all* cases, even those in which the defendant is charged with mere possession or receipt of child pornography. *See Cunningham*, 680 F.Supp.2d at 854–55 ("In an effort to more fairly judge the nature and circumstances of this offense, the Court personally reviewed all of the images and videos ... [and] implores any reviewing Court to personally examine the images at issue and not simply rely on a written description of their contents.").

In drawing this distinction, the court does not minimize the severity of consumer offenses such as simple receipt or possession of child pornography. However, the court perceives a significant difference between those offenses in which a defendant merely downloads child pornography and those involving predatory physical actions, such as the instant case. In the latter case, judges are obligated to review a limited portion of the video or photographic evidence in order to fully assess the nature and circumstances of the offense conduct. In the former, written descriptions will suffice to inform the sentencing determination.

Moreover, *Cunningham's* adjuration fails to consider the impact its proposal would have on judicial resources. In several child pornography cases, this court has been confronted with hundreds of thousands of images. *See, e.g., United States v. Blevins*, 614 Fed. Appx. 609, 2015 WL 3651757 (3d Cir. June 15, 2015) (involving "half a million child pornography images and 517 child pornography videos"); *United States v. O'Connor*, 601 Fed. Appx. 149 (3d Cir.2015) (involving "hundreds of thousands of images and videos of child pornography"). Advances of modern technology, and the ghastly proliferation of child pornography, render presentence judicial review both impracticable and unnecessary in receipt and possession cases. Thus, the court concludes that sentencing judges are obligated to review the graphic evidence undergirding the offense in child sexual abuse and exploitation cases of the caliber manifest *sub judice*, but not in standard receipt or possession cases.

Lastly, the court finds it incontrovertible that judicial review of video or photographic evidence is mandated whenever a defendant

nography, law enforcement officers discovered suspected child pornography being downloaded and shared over a peer-to-peer network. Further investigation revealed that the videos did contain child pornography and were downloaded to a residence on base at the United States Army War College in Carlisle, Pennsylvania. On May 9, 2014, law enforcement officers obtained and executed a search warrant at the residence and discovered that Knight was the offender. Agents located Knight at a nearby place of employment, and Knight agreed to accompany agents for questioning. Agents also seized and searched Knight's cell phone, discovering four videos of Knight engaging in odious sexual acts with K.R., a nineteen-month old child who resided with her parents on base, and whom Knight was trusted to babysit.

Agents immediately filed a criminal complaint against Knight, charging him with possession of child pornography and abusive sexual contact with a child under twelve years of age. (*See* Doc. 1). On June 11, 2014, a federal grand jury returned an indictment (Doc. 14) charging Knight with four counts, as follows: in Count I, aggravated sexual assault of a person under twelve years of age, in violation of 18 U.S.C. § 2241(c); in Count II, sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a); in Count III, receipt and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2); and in Count IV, possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). Knight appeared before the court and pled guilty to Counts I and II of the indictment on April 1, 2015. (*See* Doc. 59). During the change of plea hearing, the court advised Knight that both

Count I and Count II carry mandatory minimum terms of imprisonment of thirty years and fifteen years, respectively. In Knight's plea agreement, the government agreed to recommend that the mandatory minimum sentences be served concurrently and that the sentence imposed should not exceed thirty years. (*See* Doc. 53).

The probation officer issued a presentence report which describes the content of the videos in detail. As noted *supra* at footnote 1, the undersigned personally reviewed each of the four videos. Two videos are particularly relevant to Knight's objection. The first, created on February 4, 2014, and lasting half of a minute, depicts the first documented sexual assault of K.R. During the contact,[2] Knight maneuvers the victim by lifting her up and also uses his left hand to push down on K.R.'s stomach, restricting her movement. Throughout the video, K.R. cries in distress and, at times, it appears that K.R. attempts to squirm away from and escape Knight. In the second video, created on March 26, 2014, Knight presses his hand on K.R.'s lower back to restrict her movement.

Based on Knight's actions in pressing his hand on K.R.'s stomach and placing his hand on her back to restrict her movement, the presentence report recommends that the court apply a four-level enhancement to Knight's offense level pursuant to U.S.S.G. § 2A3.1(b)(1), pertaining to use of force. Application of the four-level enhancement, in addition to an undisputed base offense level of 38, an enhancement of two-levels because the victim was in Knight's care and custody, and a reduction of three levels for acceptance of responsibility, results in a total offense level of 41.

interposes an objection to the use of force enhancement set forth in U.S.S.G. § 2A3.1(b)(1).

2. Details of the sexual contact are not relevant to the court's disposition of Knight's objection. Hence, the court refrains from further description of these abhorrent acts.

Knight has two criminal history points, establishing a Criminal History Category II, and resulting in a Guidelines sentencing range of 360 months to life imprisonment.

## II. *Legal Standard*

 In sentencing, a court must engage in a three-step process pursuant to *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). First, it must calculate the advisory Guidelines range. *United States v. Wright,* 642 F.3d 148, 152 (3d Cir.2011). Second, it must formally rule on any motions for departure and state the impact, if any, of such ruling on the Guidelines calculation. *Id.* Third, the court is required to exercise its discretion and consider the sentencing factors set forth in 18 U.S.C. § 3553(a), which may vary from the advisory Guidelines range. *Id.* The government generally bears the burden of proving any facts that may warrant a Guidelines enhancement by a preponderance of the evidence. *See United States v. Ali,* 508 F.3d 136, 143 (3d Cir. 2007). During the presentence telephone conference convened on June 25, 2015, the parties agreed that the facts underlying the defense objection are not in dispute and that the inquiry before the court is purely one of law.

## III. *Discussion*

In a sentencing memorandum filed with the court, Knight does not dispute the factual accuracy of the presentence report's narrative; in fact, he describes the probation officer's characterization of the subject videos as "not necessarily unfair." (*See* Doc. 70 at 6). Rather, Knight asserts that his undisputed actions do not rise to the level of "force" contemplated by U.S.S.G. § 2A3.1(b)(1) and its incorporation of conduct described in 18 U.S.C. § 2241(a). Knight specifically contends that he did not brandish a weapon, did not threaten the child to obtain compliance, and did not use alcohol or intoxicants to

overcome her will. (Doc. 70 at 6–8). Knight urges the court to find that he did not use force in sexually abusing K.R. The practical effect of rejecting the enhancement is a substantial reduction in the Guideline sentencing range, from a range of 360 months to life imprisonment to a sentencing point of 360 months.

U.S.S.G. § 2A3.1(a)(1) provides for a base offense level of 38 if a defendant is convicted under 18 U.S.C. 2241(c), and a base offense level of 30 in all other cases of criminal sexual abuse. From there, the Sentencing Guideline also contains various enhancements based upon special offense characteristics. *See* U.S.S.G. § 2A3.1(b). In particular, U.S.S.G. § 2A3.1(b)(1) directs that when "the offense involved conduct described in 18 U.S.C. § 2241(a) or (b), increase by 4 levels." U.S.S.G. § 2A3.1(b)(1). In turn, 18 U.S.C. § 2241(a) prohibits aggravated sexual abuse by force or threat, and pertains specifically to defendants who "cause[ ] another person to engage in a sexual act ... by using force against that other person." 18 U.S.C. § 2241(a). The Guidelines endeavor to expound upon the meaning of "conduct described in 18 U.S.C. § 2241(a) or (b)," explaining that such conduct

> ... is engaging in, or causing another person to engage in, a sexual act with another person by: (A) using force against the victim; (B) threatening or placing the victim in fear that any person will be subject to death, serious bodily injury, or kidnapping; (C) rendering the victim unconscious; or (D) administering by force or threat of force, or without the knowledge or permission of the victim, a drug, intoxicant, or other similar substance and thereby substantially impairing the ability of the victim to appraise or control conduct. This provision would apply, for example, if any dangerous weapon was brandished, or in a case in which the ability of

the victim to appraise or control conduct was substantially impaired by drugs or alcohol. U.S.S.G. § 2A3.1 cmt. 2(A). Both Section 2241(a) and the Guidelines are otherwise silent as to the intended meaning of the term "force," and neither the Third Circuit nor the Supreme Court of the United States has provided a definition for the term in this context.

As a threshold matter, the court must address Knight's assertion that Application Note 2(B) to U.S.S.G. § 2A3.1 precludes application of the use of force enhancement outright. Note 2(B) states: "If the conduct that *forms the basis* for a conviction under 18 U.S.C. § 2241(c) is that the defendant engaged in conduct described in 18 U.S.C. § 2241(a) or (b), do not apply subsection (b)(1)." U.S.S.G. § 2A3.1 cmt. 2(B) (emphasis added). The court's research has revealed no decisional law addressing the application of Note 2(B) since its enactment. However, as the probation officer correctly observes in both addenda to the presentence report, the conduct that forms the basis of Knight's Section 2241(c) conviction is that he engaged in sexual contact with a child under the age of twelve, such conduct being unlawful independent of any use of force. (Doc. 14). The use of force is not a requisite element of Knight's conviction, and it does not "form the basis" thereof. *See* U.S.S.G. § 2A3.1 cmt. 2(B). As a consequence, the court holds that Note 2(B) does not apply to preclude the enhancement.

Although the Third Circuit and Supreme Court have not defined the term "force" within the intersection of 18 U.S.C. § 2241(a) and U.S.S.G. § 2A3.1(b)(1), several other circuit courts of appeals have offered guidance as to its meaning, and have done so similarly. Those courts routinely describe "force" in this context as "such physical force as is sufficient to over-come, restrain or injure a person; or the use of a threat of harm sufficient to coerce or compel submission by the victim." *United States v. Pena,* 216 F.3d 1204, 1211 (10th Cir.2000) (quoting, *inter alia, United States v. Weekley,* 130 F.3d 747, 754 (6th Cir.1997); *United States v. Fire Thunder,* 908 F.2d 272, 274 (8th Cir.1990)); *United States v. Lucas,* 157 F.3d 998, 1002–03 (5th Cir.1998); *United States v. Fulton,* 987 F.2d 631, 632–33 (9th Cir.1993) (quoting *United States v. Lauck,* 905 F.2d 15, 18 (2d Cir.1990)). In other words, "a force enhancement is appropriate when 'the sexual contact resulted from a restraint upon the other person that was sufficient that the other person could not escape the contact.'" *Pena,* 216 F.3d at 1211 (quoting *Lauck,* 905 F.2d at 18).

Inherent in the various circuit courts' interpretation of the term "force" is an element of relativity. Force within the margins of the § 2A3.1(b)(1) enhancement is that force sufficient to restrain a victim, overcome a victim, or prohibit a victim from escaping, *see, e.g., Pena,* 216 F.3d at 1211, and it follows that the amount of vigor needed to accomplish those objectives will necessarily vary from one person to another. The physical force required to restrain a sixteen-month old female will pale in comparison to the level of force required to restrain a sixteen-year old male, but this subjective disparity does not compel a finding, as Knight asserts, that the "minimal" force needed to restrain the victim *sub judice* is not "force" within the meaning of § 2A3.1(b)(1). (*See* Doc. 70 at 8). The court concludes that the § 2A3.1(b)(1) force analysis contains a crucial relativity component, and that proper resolution of the "force" enhancement must take into consideration the amount of force necessary to restrain the specific victim at issue.

In a supplemental letter brief filed in further support of his sentencing memorandum, Knight directs the court to the Eighth Circuit's decision in *United States v. Blue*, 255 F.3d 609 (8th Cir.2001) for the proposition that a substantial size difference between a victim and defendant is, alone, insufficient to establish force under § 2A3.1(b)(1). In *Blue*, the defendant confessed to placing his penis in a 21–month old victim's mouth. *Id.* at 610–11. The defendant's confession and the basic facts therein were the only evidence at trial describing the encounter. *See id.* The district court applied the § 2A3.1(b)(1) enhancement for use of force, citing only the age of the child and concluding that "there was sufficient force to overcome the will of this victim." *Id.* at 612–13. On appeal, the Eight Circuit reversed, holding that "size difference alone cannot establish use of force under section 2A3.1(b)(1)." *Id.* at 613. The court explained that the force enhancement should only apply when the government produces some affirmative evidence "of the use of physical force or threats ... to the child" in addition to the disparity in age or size. *See id.*

The *Blue* decision is not alone in requiring "disparity-plus" evidence. In *United States v. Fire Thunder*, 908 F.2d 272 (8th Cir.1990), the Court of Appeals held that the district court erred in applying the force enhancement based solely on the fact that the offender was an adult and the stepfather of his child victim. *See id.* at 274–75. Similarly, in *United States v. Crow*, 148 F.3d 1048 (8th Cir.1998), the court reversed a sentence when the only evidence regarding the nature of the crime established that the defendant removed the victim's clothing before sexually abusing her. *See id.* at 1050. In rejecting the enhancement, the panel noted the absence of several factors which might otherwise justify its application, observing that the sentencing record was "devoid of any evidence regarding Crow's size in relation to

the victim's, the victim's (perceived) ability to escape the sexual attack, or what exactly the victim meant when she stated Crow 'hurt' her—i.e., whether Crow hurt her to compel her to submit to the sexual contact, or whether the contact itself hurt her." *Id.*

■ The court agrees with the *ratio decidendi* of the Eighth Circuit in concluding that age and size disparities alone are insufficient to justify application of the use of force enhancement. Section 2241(c) criminalizes sexual abuse of children and, as a result, most convictions thereunder will necessarily involve substantial disparities in age or size between an offender and his or her victim. If the force enhancement were to apply based solely on disparity in age between victim and offender, the special offense characteristic and enhancement would effectively become part of the base offense level. Moreover, as at least one court has noted, not every instance of child sexual abuse involves actual physical force. *See Pena*, 216 F.3d at 1210 (rejecting defendant's claim that force and child sexual abuse are "inextricably intertwined" such that applying the force enhancement resulted in impermissible "double-counting" in sentencing) (citing as example *United States v. Has No Horse*, 11 F.3d 104, 105 (8th Cir.1993)). The court agrees with *Blue* that something beyond this disparity is required for the enhancement to apply. However, the court's agreement with Knight's position ends with that conclusion. Knight's argument that his conduct fails the "something more" requirement is meritless.

■ As a preliminary matter, the court first rejects Knight's contention that the enhancement is inapplicable simply because Knight "did not use or brandish a weapon ... [n]or did he threaten the child to obtain her compliance or use alcohol or intoxicants to overcome her will to resist." (Doc. 70 at 6). The statute's language includes no such requirement. *See* 18

U.S.C. § 2241(a); *see also Lauck*, 905 F.2d at 18 ("The statute requires only the use of 'force,' not of 'significantly violent action or threats.' "). Neither do the Sentencing Guidelines, or the Application Notes thereto. *See* U.S.S.G. § 2A3.1 cmt. 2(A). Indeed, in identifying the types of conduct falling within the statute's ambit, the Notes enumerate "using force" separately from "threatening ... the victim" and "administering a drug, intoxicant, or other similar substance," establishing that the use of force alone justifies the enhancement, with no requirement of threats, violence, or use of substances. *See id.* Knight's suggestion that the enhancement is justified only by brute force is belied by the statute, relevant case law, and the Sentencing Guidelines.

The court also rejects Knight's implicit contention that the only evidence of force *sub judice* is the disparity in age and size between Knight and K.R. (*See* Doc. 74 (citing *Blue*, 255 F.3d 609, in support of objection)). As noted *supra*, the court reviewed each of the subject videos in this matter. On two of four occasions, the defendant used physical force to hold his victim in place, over her distressed cries and attempts to resist and to avoid him. Based upon its review, the court finds that Knight maneuvered and restrained his victim, holding her in place while he abused her on two separate occasions. That the degree of Knight's physical exertion was relatively slight is of no moment; the victim was a toddler. The force applied by Knight was sufficient to restrain K.R. and to prevent her from avoiding the abusive contact. *See Pena*, 216 F.3d at 1211 (quoting *Lauck*, 905 F.2d at 18). There is no

doubt in the court's mind that Knight used the "force" contemplated by 18 U.S.C. § 2241(a) and U.S.S.G. § 2A3.1(b)(1) in abusing K.R.

The court's research reveals only one case decided on comparable facts. In *United States v. Two Elk*, 536 F.3d 890 (8th Cir.2008), the defendant was convicted by a jury of two counts of aggravated sexual abuse of a child under the age of twelve in violation of 18 U.S.C. § 2241(c). The court enhanced the defendant's sentence by four levels pursuant to U.S.S.G. § 2A3.1(b)(1), finding that the defendant "did use force to sustain—to hold the victim down, if you will, and to prevent victim from screaming. And that's in addition to the great discrepancy here in the size and weight of the defendant compared to the victim." *Id.* at 909–10. The defendant appealed and argued, *inter alia*, that the record contained insufficient evidence of force to support the enhancement. *See id.* at 909. Acknowledging both *Blue* and *Fire Thunder*, the Eighth Circuit Court of Appeals observed that although "size discrepancy alone is insufficient to merit the four-level increase," in the case before it, the defendant lifted the child off the floor and placed her on a bed, then muffled her cries using his hand. *Id.* at 910. The panel thus affirmed the district court's application of the § 2A3.1(b)(1) enhancement.

The Eighth Circuit's decision in *Two Elk* augments the court's independent determination that Knight used force to restrain K.R. and reaffirms its conclusion that the level of force requisite to justify an enhancement under § 2A3.1(b)(1) is to be determined on a case-by-case basis, relative to the particular victim involved.[3]

---

**3.** Knight also argues that the increased base offense level of 38 takes into account the victim's age *and* an implied use of force, precluding application of either special offense characteristic in Section 2241(c) cases. (*See* Doc. 74 at 2 (citing Adam Walsh Child Protection and Safety Act, Pub.L. 109–248,

120 Stat. 587 (2006); U.S.S.G. app. C., amend. 701 (Nov. 10, 2007))). The referenced Amendment states that "the heightened base offense level of 38 takes into account *the age of the victim*," and precludes application of that special offense characteristic to avoid

## IV. *Conclusion*

For the reasons stated on the record at sentencing, and for the additional reasons stated herein, the court overrules Knight's objection to paragraph 26 of the presentence report.

impermissible double-counting for Section 2241(c) defendants. *See* U.S.S.G. app. C, amend. 701 (Nov. 1, 2007) (emphasis added). But the Amendment does not support Knight's pertinent assertion that the increased base offense level categorically precludes an enhancement for use of force in connection with all Section 2241(c) convictions for sexual abuse of a child under the age of twelve. The *Two Elk* decision, postdating the Adam Walsh Act without comment on its impact, implicitly confirms this conclusion. *See also United States v. Vann*, 355 Fed.Appx. 240, 241–43 (10th Cir.2009) (nonprecedential) (applying § 2A3.1(b)(1) enhancement following Section 2241(c) conviction when defendant sexually abused his stepdaughter from the age of nine into her early teens, often by lying on top of her to prevent her movement).